[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
This is an action in six counts alleging invasion of privacy, infliction of emotional distress, libel, assault, extortion and a violation of the Connecticut Unfair Trade Practices Act ("CUTPA") against defendants Marvin T. Smith and New Dawn Enterprises, Inc. ("New Dawn").
Defendants move to dismiss on the ground of lack of CT Page 8315 personal jurisdiction, asserting that they were served in Virginia; that they neither reside nor do business in the State of Connecticut; that they own no property in Connecticut. Defendants further claim that a corporation is not subject to Conn. Gen. Stat. 52-59b.
Plaintiffs have filed a memorandum of law in opposition to the motion to dismiss and a supporting affidavit, made by plaintiff Gelinas, in which he states that both defendants have transacted business within the State of Connecticut, and that he is unaware of whether defendant New Dawn obtained a certificate of authority to do business in the state or appointed a statutory agent for service of process in Connecticut.
 I
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985). "Any defendant wishing to contest the court's jurisdiction may do so, even after having filed a general appearance, but must do so by filing a motion to dismiss within 30 days of the filing of an appearance." Conn. Practice Bk. 142. All well-pleaded facts from the complaint must be viewed in the light most favorable to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227 (1983).
When service is claimed under the Connecticut long-arm statutes, additional facts establishing that minimum contacts are present may be necessary. See, Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 52-53 (1983). Once jurisdiction is challenged by the defendant, the burden is on the plaintiff to prove minimum contacts are present. Id. at 53.
Service of process outside the state requires service to be made in the same manner as service made within the state. See, Conn. Gen. Stat. 51-57a. Since service of process within the state does not require a court order neither does service without the state. See, Conn. Gen. Stat. 52-45a and 52-57.
 II
Plaintiffs rely on Conn. Gen. Stat. 52-59b in asserting that the court has personal jurisdiction over defendant Smith. Conn. Gen. Stat. 52-59b(a) states, in pertinent part:
 (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the CT Page 8316 state, except as to a cause of action for defamation of character arising from the acts. . . .
Plaintiffs rely on Conn. Gen. Stat. 33-41(b) or (c) in asserting that the court has personal jurisdiction over defendant New Dawn. This statute states:
 (b) Every foreign corporation which transacts business in this state in violation of section 33-395 or 33-396 shall be subject to suit in this state upon any cause of action arising out of such business.
 (c) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:
* * *
 (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.
In considering a motion to dismiss for lack of personal jurisdiction the court must make a two-part inquiry. (1) whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant. (2) If the statutory requirements are met, whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. Frazer v. McGowan, 198 Conn. 243,246 (1986).
We hold that plaintiffs have alleged sufficient facts to demonstrate that 52-59b(a) and 33-411(b) or (c) authorize the assertion of jurisdiction over defendants Smith and New Dawn Enterprises, Inc., respectively. As to defendant Smith, plaintiffs have alleged in the complaint that defendant performed construction work in Connecticut, and also committed tortious acts of assault, invasion of privacy and infliction of CT Page 8317 emotional distress within the state, thus meeting the requirements of Conn. Gen. Stat. 52-59b(a). As to defendant New Dawn, plaintiffs have alleged in the complaint and Gelinas states in his affidavit that New Dawn Enterprises, Inc. is a foreign corporation not registered to do business in the state, a violation of Conn. Gen. Stat. 33-396, and thus subject to suit under 33-411(b). Plaintiffs further allege that the tortious acts of the defendant Smith were also made on behalf of New Dawn Enterprises, Inc. subjecting New Dawn to suit under Conn. Gen. Stat. 33-411(c)(4).
 III
It is necessary to consider whether the exercise of jurisdiction over the defendants would violate constitutional principles of due process. "`The United States Constitution allows state courts to assert jurisdiction over nonresident defendants only when minimum contacts exist between the defendant and the forum state. The nature of these contacts must be such that requiring the defendant to defend in the forum state does not offend traditional notions of fair play and substantial justice.' Frazer, 198 Conn. at 252.'" Gaudio v. Gaudio, 23 Conn. App. 287, 299 (1990). This minimum contacts analysis has been held to require the court to examine the facts against a backdrop of foreseeability and fairness. United States Trust Co. v. Bohart, 197 Conn. 34, 41 (1985). Foreseeability "`is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.'" United States Trust Co., 197 Conn. at 41 (citation omitted). Fairness prohibits jurisdiction from being asserted "in such a way as to make litigation `so gravely difficult and inconvenient' that a party unfairly is at `severe disadvantage' in comparison to his opponent." Id. at 42 (citation omitted). "A single act having impact in and connection with the forum state can satisfy the minimum contacts test . . ." McGee v. International Life Insurance Co., 355 U.S. 220, 224 (1957).
It appears that plaintiffs have met their burden of establishing defendants' minimum contacts with the State of Connecticut. The complaint alleges that defendants performed work in Connecticut, performed tortious acts in Connecticut, and, after being served with a summons and complaint, spoke a few times with plaintiffs' attorney requesting more time before having to appear in court. Defendants could reasonably have foreseen that their actions if proven to be true, would require them to appear in a Connecticut court. Defendants make no claims in their motion to dismiss as to any inconvenience or disadvantage trial in Connecticut would cause them. Further, defendants have failed to deny any of the jurisdictional CT Page 8318 allegations in the complaint, and the pleadings must be viewed in the light most favorable to the plaintiff. We conclude that this court has personal jurisdiction over defendant Smith and defendant New Dawn Enterprises, Inc.
Defendants' motion to dismiss is denied.
WAGNER, J.