[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court is whether the plaintiffs must obtain permission from the clerk of the claims CT Page 10939 commission before they can add the Department of Environmental Protection as a party defendant.
It is found that the plaintiffs must obtain permission before they can add the Department of Environmental Protection as a party defendant.
On December 6, 1991, Richard and Kathryn Hunyadi (plaintiffs) filed a complaint against Susan Addiss (defendant), Commissioner of Health Services, pursuant to General Statutes, Sec. 19a-24, alleging that the agents, servants and/or employees of the defendant tested soil from the plaintiffs' property and, due to their negligence and recklessness, the test incorrectly revealed a dangerous level of cyanide. On September 14, 1992, the plaintiffs filed a motion to add a party defendant and amend the complaint because "information has come to them during discovery, which information has heretofore been in the exclusive custody and control of the defendant, which information suggests that agents of the State of Connecticut Department of Environmental Protection, in addition to agents of the Department of Health Services, are liable for plaintiffs' losses." On September 24, 1992, the defendant filed an objection to the plaintiffs' motion to add a party defendant and amend the complaint. In the objection, the defendant asserts that the court should deny the motion because (1) the plaintiffs are barred by the doctrine of sovereign immunity, and (2) the plaintiffs are barred by General Statutes, Sec.4-148.
The state is immune from suit unless the General Assembly, by appropriate legislation, authorizes suit against the state, or consents to be sued. Lacasse v. Burns,214 Conn. 464, 468, 572 A.2d 357 (1990).
 Before a claimant may pursue any monetary claim against the state, if the doctrine of sovereign immunity is applicable, the state must consent to be sued. [Citations omitted.] The claims commissioner . . . may waive that immunity, pursuant to General Statutes, Sec. 4-160 (a), and consent to suit. Until that happens, however, the Superior Court has no jurisdiction to hear any such monetary claim. CT Page 10940
(Citations omitted.) Krozser v. New Haven, 212 Conn. 415,423, 562 A.2d 1080 (1989). In the present case, the plaintiffs instituted an action, pursuant to General
Statutes, Sec. 19a-24, against the Commissioner of the Department of Health Services without obtaining permission from the claims commissioner.
 We conclude, therefore, that Sec. 19a-24 was intended by the legislature to apply to all civil actions against the commissioner of health and the commissioner of mental retardation or any member of their staffs. By its enactment the legislature has waived the sovereign immunity of the state in those cases to which the statute applies.
Duguay v. Hopkins, 191 Conn. 222, 232, 464 A.2d 45 (1983). However, the plaintiff now seeks to add the Department of Environmental Protection as a party defendant.
 It is a matter for the legislature, not this immunity should be waived. `The question whether the principles of governmental immunity from suit and liability are waived is a matter for legislative, not judicial, determination. [Citations omitted.]' Sovereign immunity may be waived only through a statute. [Citations omitted.] Any statutory waiver of immunity must be narrowly construed. [Citations omitted.] `The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed `by the use of express terms or by force of necessary implication.'
(Citations omitted.) Struckman v. Burns, 205 Conn. 542, 558,534 A.2d 888 (1987).
In Duguay v. Hopkins, supra, the trial court dismissed a case against the commissioner of mental retardation, the State of Connecticut, and the Southbury Training School because "the plaintiffs did not allege authorization of the claims commissioner under General Statutes, Sec. 4-160 to bring this suit." Id., 225. On appeal, the Supreme Court held that "[t]he court's decision to dismiss the plaintiffs' complaint was, therefore, error only as to the defendant CT Page 10941 commissioner of mental retardation, but not as to the defendants the state of Connecticut and the Southbury Training School." Id., 232.
 When the state waives sovereign immunity by statute, however, a party who wishes to sue under the legislative waiver must come clearly within its provisions because `[s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed.' [Citations omitted.] The [commissioner of health services] . . . is the only state defendant named in Sec. 19a-24 against whom suit could be brought in his official capacity for actions performed within the purview of this case.
(Emphasis added.) Id. Accordingly, although the plaintiffs correctly instituted a cause of action against the Commissioner of Health Services without obtaining permission from the claims commissioner, it is found that the plaintiffs, in order to add the Department of Environmental Protection as a party defendant, must obtain the consent of the claims commissioner; therefore, it is found that the court should deny the plaintiffs' motion to add a party defendant and amend the complaint.
Although the court should deny the plaintiffs' motion based upon the analysis above, the defendant's second objection, that the plaintiffs are barred by General Statutes, Sec. 4-148, is worthy of discussion. General Statutes, Sec. 4-148, in relevant part, provides:
 (a) Except as provided in subsection (b) of this section, no claim shall be presented under this chapter but within one year after it accrues. Claims for injury to person or damage to property shall be deemed to accrue on the date when the damage or injury is sustained or discovered or in the exercise of reasonable care should have been discovered, provided no claim shall be presented more than three years from the date of the act or event complaint of.
(b) The general assembly may, by special act, CT Page 10942 authorize a person to present a claim to the claims commissioner after the time limitations set forth in subsection (a) of this section have expired if it deems such authorization to be just and equitable and makes an express finding that such authorization is supported by compelling equitable circumstances and would serve a public purpose. Such finding shall not be subject to review by the superior court.
(Emphasis added.) According to the defendant, the "plaintiffs' injury was discovered or should have been discovered on or about January 11, 1991," the date the plaintiffs received a letter informing them of the safe level of cyanide; therefore, since the plaintiffs' motion was filed on September 14, 1992, the plaintiffs failed to present their claim against the Department of Environmental Protection within one year after the claim accrued. However, in the motion to add a party defendant, the plaintiffs contend that "information has come to them during discovery, which information has heretofore been in the exclusive custody and control of the defendant, which information suggests that agents of the State of Connecticut Department of Environmental Protection, in addition to agents of the Department of Health Services, are liable for the plaintiffs' losses."
 This court has construed the word `injury' in General Statutes, Sec. 52-584, which establishes the date for commencement of the period allowed for bringing a malpractice action as `two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered,' to refer to some form of actionable harm. [Citation omitted.] `Actionable harm' occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered, the essential elements of a cause of action.' [Citation omitted.] The statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof. [Citation omitted.] Applying this construction of the word `injury' to the same term as used in the similar provisions of Sec. 4-148 (a), we agree . . . that . . . [the CT Page 10943 plaintiffs'] claim was not necessarily barred by the lapse of one year from [January 11, 1991]
Merly v. State, 211 Conn. 199, 205-206, 558 A.2d 977 (1989). Accordingly, the plaintiffs' claim is not necessarily barred by the lapse of one year from January 11, 1991, because the one year limitation does not begin to accrue until the plaintiffs discovered or should have discovered the actionable harm. Therefore, the court, at this time, shall not decide whether the plaintiffs' claim is untimely.
In conclusion, the court denies the plaintiffs' motion to add the Department of Environmental Protection as a party defendant because the plaintiffs have not obtained the consent of the claims commissioner.
McGRATH, J.