DONALD R. DUGUAY, JR., ET AL. *v.*
RHODA J. HOPKINS ET AL.
(10796)

HEALEY, PARSKEY, SHEA, GRILLO and BIELUCH, Js.

Argued March 9—decision released August 23, 1983

*Norman J. Voog,* with whom, on the brief, were *Donald C. Simmons* and *Mary M. Voog,* for the appellants (plaintiffs).

*Patricia A. Lilly,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney

general, and *Wendell S. Gates,* assistant attorney general, for the appellees (defendant Gareth D. Thorne, commissioner of mental retardation, et al.)

BIELUCH, J. The named plaintiff, a minor, brought this five count action by his mother and next friend against the defendants (1) Rhoda J. Hopkins, (2) the Fairfield County Hounds, (3) the Southbury Training School, and (4) Gareth D. Thorne, commissioner of mental retardation, for personal injuries suffered while he was a ward of the commissioner of mental retardation and a resident at the Southbury Training School.[1] The child's mother, Annette Rickertsen, sought in the same action to recover the medical and hospital expenses which she incurred on behalf of her son, who was born on August 25, 1964.

The amended complaint alleges in the first count that the minor plaintiff was mentally retarded and was committed on or about July 28, 1978, to the care of the superintendent of the Southbury Training School, a facility owned, operated and controlled by the state of Connecticut through its commissioner of mental retardation, the defendant Gareth D. Thorne, and that the school and its personnel were the agents, employees and/or servants of the commissioner and of the state of Connecticut. It is further alleged that on or about August 21, 1978, the minor received substantial permanent physical injuries when run over, while apparently asleep in overgrown grass, by a tractor pulling

[1] Although the state of Connecticut was not named as a defendant in the civil summons in this suit or in the judgment now on appeal, the complaint does allege the state to be an additional party defendant in counts three, four and five. Specification of the state as a party defendant in the circumstances of this case was unnecessary. We have previously recognized that "because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state." (Citations omitted.) *Sentner* v. *Board of Trustees,* 184 Conn. 339, 342, 439 A.2d 1033 (1981).

a brush bull rotary mower owned by the defendant the Fairfield County Hounds and negligently operated by the defendant Rhoda J. Hopkins, against whom this count is directed. The second count alleges the negligence of the defendant the Fairfield County Hounds. The allegations of the third count recite that the injuries of the minor child were due to the carelessness and negligence of the defendants the Southbury Training School, Gareth D. Thorne, the commissioner of mental retardation, and the state of Connecticut, and their agents, servants and/or employees. In the fourth count it is alleged that the injuries of the minor plaintiff were due to the negligence and carelessness of the defendants the Fairfield County Hounds, Gareth D. Thorne, the commissioner of mental retardation, the Southbury Training School, the state of Connecticut and Rhoda J. Hopkins. The fifth count, on behalf of the plaintiff Annette Rickertsen, seeks to recover medical and hospital expenses from all the defendants.

The attorney general appeared for the state defendants (the Southbury Training School, Gareth D. Thorne, the commissioner of mental retardation, and the state of Connecticut) and filed an answer with special defenses in their behalf. The defendant Gareth D. Thorne alleged two special defenses. In his first defense, Thorne claimed that he was being sued in his official capacity as the commissioner of mental retardation, an agent of the state, and, therefore, that this was in effect a suit against the state which is immune from such liability. His second defense alleged that the court had no jurisdiction over the subject matter of this action. In its first defense to counts three, four and five, the state of Connecticut alleged immunity from the plaintiffs' suit, and in the second defense to these counts it alleged that the court lacked subject matter jurisdiction. The Southbury Training School alleged

three special defenses: first, that it is not a legal entity capable of being sued in court; second, that it is immune from the plaintiffs' suit; and third, that the court lacks subject matter jurisdiction of this action.

The plaintiffs filed a motion to strike these special defenses, claiming that General Statutes (Rev. to 1981) § 19-5a, now § 19a-24, authorized suit against these defendants.[2] The trial court denied this motion on the ground that § 19a-24 did not constitute a waiver of sovereign immunity. The state defendants thereafter moved for judgment on the special defenses and dismissal of the complaint against them. This was granted. In its memorandum of decision the court reaffirmed its earlier ruling on the plaintiffs' motion to strike, i.e., that § 19a-24 did not constitute a waiver of sovereign immunity. The court dismissed the action against the state defendants because the plaintiffs did not allege authorization of the claims commissioner under General Statutes § 4-160[3] to bring this suit. From this judgment the plaintiffs have appealed.

[2] General Statutes § 19a-24, formerly § 19-5a, as relevant here, provides as follows: "(a) Any civil action for damages on account of any official act or omission of the commissioner of health services or the commissioner of mental retardation or any member of their staffs, any member of the public the council on turberculosis control, hospital care and rehabilitation, the council on mental retardation or either of the boards of trustees of the state training schools or any member of any regional center advisory and planning council or any superintendent, employee or staff member of any chronic disease hospital or state training school or regional center shall be brought against the commissioners in their official capacities and said commissioners shall be represented therein by the attorney general in the manner provided in chapter 35. Damages recovered in such action shall be a proper charge against the general fund of the state and shall be paid in the manner provided in section 3-117."

[3] General Statutes § 4-160, as relevant here, provides as follows: "(a) When the claims commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable. In each such action the claimant shall allege such authorization and the date on which it was granted. The state waives its immunity from liability

The first claim of the plaintiffs is that § 19a-24 constitutes a waiver of sovereign immunity and permits persons injured at state training schools to bring action directly against the state of Connecticut by suing the commissioner of mental retardation without first obtaining permission from the commissioner of claims. Section 19a-24 (a) provides that "[a]ny civil action for damages on account of any official act or omission of the commissioner of health services or the commissioner of mental retardation or any member of their staffs . . . shall be brought against the commissioners in their official capacities and said commissioners shall be represented therein by the attorney general . . . ." The plaintiffs maintain that by enacting this statute, the legislature has carved an exception within the terms of § 4-142 (2), which waives sovereign immunity and the requirement of seeking prior permission from the claims commissioner under § 4-160 for this action. Section 4-142 states that "[t]here shall be a claims commissioner who shall hear and determine all claims against the state except . . . (2) claims upon which suit otherwise is authorized by law . . . ." They assert that a claim under § 19a-24 against the commissioner of mental retardation is such a suit "otherwise authorized by law." In support of their position they assert that the legislative history of § 19a-24 confirms that

and from suit in each such action and waives all defenses which might arise from the eleemosynary or governmental nature of the activity complained of. The rights and liability of the state in each such action shall be coextensive with and shall equal the rights and liability of private persons in like circumstances."

A claim against the state of Connecticut on behalf of the minor plaintiff was filed by his counsel with the commissioner of claims, but not acted upon in view of the advice of the attorney general's office that "[p]ursuant to § 4-142 (2) Conn. Gen. Stat., the Claims Commissioner does not have authority to hear and determine this claim as it is a claim 'upon which suit otherwise is authorized by law.' " The state defendants admit in footnote 4 of their brief that this claim was not dismissed by the claims commissioner and is still pending before him.

the legislature intended by this enactment to provide a statutory basis for an independent suit against the commissioner of mental retardation as evidenced by the earlier opinion of the attorney general's office when the plaintiffs' claim was first presented to the claims commissioner. The state defendants, also relying on the legislative history of § 19a-24, counter that the statute does not constitute a waiver of sovereign immunity and that the plaintiffs' claims should now be heard and determined by the claims commissioner.

The defense of sovereign immunity may be raised in a motion to dismiss an action against the state. See *American Laundry Machinery, Inc.* v. *State,* 190 Conn. 212, 459 A.2d 1031 (1983). Since the motion to dismiss filed by the state defendants "does not seek to introduce facts outside of the record it is equivalent to our former motion to erase and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. *Brewster* v. *Brewster,* 152 Conn. 228, 233, 206 A.2d 106 (1964)." Id., 217. We review the trial court's decision to grant the state defendants' motion to dismiss, then, under the assumption that Duguay's injuries were due to the negligence and carelessness of the state defendants. It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases.[4] *Baker* v. *Ives,* 162 Conn. 295, 298, 294 A.2d 290 (1972); *Murphy* v. *Ives,* 151 Conn. 259, 262–63, 196 A.2d 596 (1963).

This case is one of first impression. The dispositive issue before the court is whether the legislature in-

[4] The state is subject to suit without consent in an action for declaratory judgment where the defendant state officer is allegedly proceeding under an unconstitutional statute or in excess of his statutory authority; *Horton* v. *Meskill,* 172 Conn. 615, 624, 376 A.2d 359 (1977); and in a suit for injunctive relief when the action does not defeat the purpose of the doctrine of sovereign immunity by undue interference with governmental functions. *Sentner* v. *Board of Trustees,* 184 Conn. 339, 439 A.2d 1033 (1981).

tended § 19a-24 to waive the state's sovereign immunity and impose a direct liability to the plaintiffs on the commissioner of mental retardation, the Southbury Training School and the state of Connecticut as parties defendant in this action. The question whether the principles of governmental immunity from suit and liability are waived is a matter for legislative, not judicial, determination. *Rogan* v. *Board of Trustees,* 178 Conn. 579, 582, 424 A.2d 274 (1979); *Bergner* v. *State,* 144 Conn. 282, 286–87, 130 A.2d 293 (1957). The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed "by the use of express terms or by force of a necessary implication." *Baker* v. *Ives,* supra; *Murphy* v. *Ives,* supra.

To determine the legislative intent expressed in a statute, we look to its wording and to its history and basic policy as disclosed by preexisting legislation and the circumstances which brought about its enactment. *Connecticut Light & Power Co.* v. *Sullivan,* 150 Conn. 578, 581, 192 A.2d 545 (1963). If the words of a statute are clear, the duty of a reviewing court is to apply the legislature's directive since where the wording is plain, courts will not speculate as to any supposed intention because the question before a court then is not what the legislature actually intended, but what intention it expressed by the words that it used. *P.X. Restaurant, Inc.* v. *Windsor,* 189 Conn. 153, 159, 454 A.2d 1258 (1983); *Verrastro* v. *Sivertsen,* 188 Conn. 213, 220, 448 A.2d 1344 (1982); *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 6, 434 A.2d 293 (1980). The statute must be applied as its words direct. *International Business Machines Corporation* v. *Brown,* 167 Conn. 123, 134, 355 A.2d 236 (1974).

Section 19a-24 (a) provides that *"[a]ny civil action for damages* on account of any official act or omission

of the commissioner of health services or the commissioner of mental retardation . . . *shall be brought against the commissioners* in their official capacities . . . ." (Emphasis added.) The word "any," as used in statutes, has a diversity of meanings. It may be all inclusive when used to indicate "all" or "every," or it may be restrictive when employed to indicate "some" or "one." Its meaning in a given statute depends upon the context and subject matter of the law. *P.X. Restaurant, Inc.* v. *Windsor,* supra; *Donohue* v. *Zoning Board of Appeals,* 155 Conn. 550, 556, 235 A.2d 643 (1967). There are no words, phrases or clauses in § 19a-24 limiting or restricting the scope of "any civil action for damages." If the legislature wished to restrict the statute to some civil actions against the named commissioners, it could have done so. If this were the legislative intent, it has failed to express it. *Baker* v. *Ives,* supra, 303–304. Moreover, the statute states that such actions "shall" be brought against, among others, the commissioner of mental retardation. The word "shall" connotes that the directive is mandatory. *Sullivan* v. *Liberty Mutual Fire Ins. Co.,* 174 Conn. 229, 233, 384 A.2d 384 (1978). It precludes bringing the claim before the claims commissioner as a condition precedent to bringing suit. The meaning of the words the legislature expressed in § 19a-24 supports the conclusion that it waives sovereign immunity in the civil actions specified.

This construction of § 19a-24 is consistent with the legislative intent expressed in chapter 53 of the General Statutes, entitled "CLAIMS AGAINST THE STATE." Section 4-142 thereof establishes the office of a "claims commissioner who shall hear and determine all claims against the state except . . . (2) claims upon which suit otherwise is authorized by law . . . ." Suits under § 19a-24 are such suits "otherwise authorized by law."

Furthermore, § 4-160 (a) provides that only "[w]hen the claims commissioner deems it just and equitable . . . [may he] authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable." The claims commissioner, after reviewing the factual allegations and the relevant law, merely determines whether a cognizable cause of action exists by which the state, like an individual, could be liable. This constitutes a restriction limiting suit against the state in direct contradistinction to the unlimited right to suit against the commissioner of mental retardation given by § 19a-24.

Section 19a-24 had its origin in Public Acts 1955, No. 212, effective October 1, 1955. Chapter 53 was first enacted with the establishment of the prior claims commission in Public Acts 1959, No. 685, effective July 1, 1959. In 1975, with the establishment of the department of mental retardation, § 19a-24 was extended to protect the commissioner of mental retardation from damages and legal expense resulting from any civil action on account of any official act or omission by him or his staff. Public Acts 1975, No. 75-638, §§ 2, 11. No reference was made in this legislation to chapter 53 and its provisions for prior authorization by the claims commissioner for suits against the state. "It is a basic rule of statutory construction that a statute is to be construed as a whole; *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 411, 311 A.2d 65 [1972]; and that it is presumed that the legislature acted in view of existing relevant statutes. *Taminski* v. *Administrator,* 168 Conn. 324, 328, 362 A.2d 868 [1975]." *Rustici* v. *Stonington,* 174 Conn. 10, 13, 381 A.2d 532 (1977).

The state defendants maintain that the legislative history of § 19a-24 clearly provides by the language of

its original enactment, Public Acts 1955, No. 212, that the law is procedural, and not substantive, in nature, and, therefore, that § 4-160 applies in this case. They point to § 5 of Public Acts 1955, No. 212, which did stipulate: "This act shall be deemed procedural and not substantive in nature, and shall apply to every action falling within its scope which is commenced after the effective date hereof." For this reason, they argue in their brief that "[t]he Legislature was indicating by that statement that it was not by its enactment of P.A. 55-212 granting any substantive rights, i.e., the right to bring such an action; rather, it was stating that if an action is authorized, this is the manner in which it must be pursued."

The state defendants are wrong in their conclusion that § 19a-24 is procedural in nature. The legislative history of Public Acts 1955, No. 212, § 5, which they failed to review discloses that the legislature reversed its position in this regard, thus confirming our view that § 19a-24 is now substantive in nature allowing direct actions against the parties covered without prior authorization from the claims commissioner. Public Acts 1955, No. 212, was codified in the 1955 Cumulative Supplement to the General Statutes (Rev. of 1949) §§ 1536d through 1539d. Section 5 became § 1539d. Public Acts 1957, No. 652, § 10, amended the effective date of § 1539d. Section 1539d, as amended in 1957, was codified in the General Statutes (Rev. of 1958) § 17-218. Finally, Public Acts 1961, No. 517, entitled, "AN ACT MAKING CERTAIN CORRECTIONS IN THE GENERAL STATUTES," § 121, repealed § 17-218 outright, thereby removing the former provision of the law relied upon by these defendants. A clearer expression of intent by the legislature that § 19a-24 be

substantive in nature one cannot find, especially since this repeal of § 17-218 was expressly passed as a "correction" to the General Statutes.

We conclude, therefore, that § 19a-24 was intended by the legislature to apply to all civil actions against the commissioner of health and the commissioner of mental retardation or any member of their staffs. By its enactment the legislature has waived the sovereign immunity of the state in those cases to which the statute applies.

When the state waives sovereign immunity by statute, however, a party who wishes to sue under the legislative waiver must come clearly within its provisions because "[s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed." *Berger, Lehman Associates, Inc.* v. *State,* 178 Conn. 352, 356, 422 A.2d 268 (1979), quoting *Spring* v. *Constantino,* 168 Conn. 563, 570, 362 A.2d 871 (1975). The commissioner of mental retardation is the only state defendant named in § 19a-24 against whom suit could be brought in his official capacity for actions performed within the purview of this case. The court's decision to dismiss the plaintiffs' complaint was, therefore, error only as to the defendant commissioner of mental retardation, but not as to the defendants the state of Connecticut and the Southbury Training School.

Counsel for the plaintiffs conceded in his brief and at oral argument that the trial court's decision to dismiss the action against the state of Connecticut as an individual defendant was correct in view of the express designation of state officers liable under the provisions of § 19a-24. He did not, however, extend this concession to the defendant the Southbury Training

School, claiming in correspondence to the court after oral argument that "[a] review of the pleadings indicate (sic) that the defendant was not the Southbury Training School, but the Superintendent of the Southbury Training School, who would be an employee of the Commissioner of Mental Retardation." Our examination of the civil summons (Form JD-CV-1), the amended complaint and the judgment file discloses that the Southbury Training School was made a party defendant.

In view of this decision, the plaintiffs' alternative argument that § 19a-24 establishes that the defendant the state of Connecticut will assume liability for the defendants the Southbury Training School and the commissioner of mental retardation is without merit.

There is error in part, the judgment is set aside as to the defendant Gareth D. Thorne, the commissioner of mental retardation, and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.