[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal, pursuant to the provisions of General Statutes 4-183, from a decision of the Commissioner of Motor Vehicles suspending the motor vehicle license of the plaintiff. The Commissioner's action was based upon findings and conclusions of a motor vehicle department after a hearing held January 26, 1989.
The suspension resulted from the alleged refusal of the plaintiff to consent to a urine test required by General Statutes14-227b at the time of his arrest for operating a motor vehicle while under the influence of liquor or drugs.
The plaintiff claims that the actions of the Commissioner were arbitrary, unreasonable and contrary to law in that, (1) prior to requesting the plaintiff to submit to the test the arresting officers did not afford him a reasonable opportunity to telephone or consult with an attorney and, (2) that the plaintiff was unable physically to provide a specimen and requested an alternative blood test but was deemed to have refused to submit to the chemical test.
The pertinent facts relative to this appeal are as follows: On July 21, 1988, the petitioner in this case was placed under CT Page 2116 arrest for operating a motor vehicle while under the influence of intoxicating liquor. Thereafter, the petitioner was transported to the Cedarcrest Police Department in Newington, Connecticut. At the police station, Officer Smith requested the petitioner to submit to a urine blood alcohol content test. The petitioner was not afforded an opportunity to contact an attorney prior to the performance of the test. He was not able to provide a urine specimen after being requested to do so. The plaintiff was denied an alternative test and was deemed to have refused the urine test. His license was suspended for six months for refusal to submit to the urine test.
Judicial review of the Commissioner's action is governed by the Uniform Administrative Procedure Act. The plaintiff, Peter Kramer, is an aggrieved person within the meaning of Conn. Gen. Stat. 4-183(a) in that a specific personal and legal interest, his license to drive, has been adversely affected. Bakelaar v. West Haven, 193 Conn. 59 (1984).
The appeal is properly before the court.
The scope of judicial review is very restricted, 4-183g; Buckley v. Muzio, 200 Conn. 1, 3. (1986).
It is not the function of the Superior Court to retry the case or to substitute its judgment for that of the Commissioner. Buckley v. Muzio, supra. The court must not disturb the factual findings of the agency if they are supported by the record even though the court would have come to a different conclusion. Hospital of Saint Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
The arresting officer, Officer Smith, testified that at the time of the arrest he did not give the plaintiff an opportunity to contact or telephone an attorney prior to taking any test for chemical analysis. (Transcript of January 26, 1989 hearing at pg. 8). The arresting officer, Officer Torres, also testified that he did not advise the plaintiff that he had a right to contact an attorney. (Transcript of January 26, 1989 hearing at pg. 21).
Conn. Gen. Stat. 14-227b establishes the consequences of a refusal and the arresting officer's duty to inform the arrested motorist. The statute provides:
 (b) If any such person, having been placed under arrest for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor, and thereafter, after CT Page 2117 being apprised of his constitutional rights, having been requested to submit to a blood, breath or urine test at the option of the police officer, having been afforded a reasonable opportunity to telephone an attorney prior to the performance of such test and having been informed that his license or nonresident operating privilege will be suspended in accordance with the provisions of subsection (d), (e) or (f) of this section if he refuses to submit to such test . . .
Where the language of the statute is unambiguous it is to be applied according to its terms. Duguay v. Hopkins, 191 Conn. 222,228 (1983).
The language of 14-227b(b) is unambiguous in that it requires that refusal to submit to chemical testing be attended by notice of constitutional rights and that the arrestee be afforded a reasonable opportunity to telephone an attorney prior to the performance of such test.
In the decision of Buckley v. Muzio, supra, pg. 8, the Supreme Court held that the arresting officer must apprise the arrested motorist of all his rights and consequences of a refusal. In this case, the arresting officer failed to do so.
Therefore, this court holds that the failure to advise the petitioner of his right to have a reasonable opportunity to telephone an attorney as is required by General Statutes14-227b(b) renders the Commissioner's decision to suspend the petitioners license is contrary to law. Accordingly, the appeal is sustained on this ground.
The courts decision on the first issue presented being dispositive of the appeal, the court makes no ruling on the second issue presented, it being unnecessary to determine the merits of that claim.
For the above stated reasons, the appeal is sustained.
Kocay, J.