[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS
The defendants, State of Connecticut Department of Children and Youth Services (DCYS) and Elaine Debet-Fricke move to dismiss the plaintiff, Roger Gillette's complaint on the ground that the court lacks subject matter jurisdiction.
The defendant, Debet-Fricke, is a social worker for DCYS. On November 20, 1990, the plaintiff filed an eight count complaint, with counts seven and eight directed at DCYS and Debet-Fricke. The basic thrust of the plaintiff's complaint is that the defendants allegedly pressured and threatened the plaintiff to agree to refrain from contacting a young man named Christopher Parent. The plaintiff had previously lived with Parent's mother, June Allen. The remaining counts of the complaint are directed at various individuals who are not subject to this motion to dismiss.
On December 19, 1990, the defendants DCYS and Debet-Fricke filed a motion to dismiss the plaintiff's complaint. The defendants, in their memorandum of law in support of the motion to dismiss state that the court lacks subject matter jurisdiction over the plaintiff's complaint because of the defendants' sovereign immunity and because the plaintiff failed to exhaust the appropriate administrative remedies.
On January 10, 1991, the plaintiff filed a memorandum of law in opposition to the motion to dismiss. The plaintiff claims that the suit is not barred by the doctrine of sovereign immunity because at least one of the counts alleged in the complaint is for a violation of state constitutional rights. In the alternative, the plaintiff argues that this action should survive until a decision is made by the claims commissioner.
The motion to dismiss shall be used to assert lack of jurisdiction CT Page 1837 over the subject matter. Conn. Practice Bk 143. A motion to dismiss "admits all facts which are well pleaded, invokes the existing record, and must be decided on that alone." Barde v. Board of Trustees, 207 Conn. 59, 62
(1988).
The defense of sovereign immunity may be raised in a motion to dismiss an action against the state." Duguay v. Hopkins, 191 Conn. 222,227 (1983). The state is immune from suit unless the General Assembly, by appropriate legislation authorizes suits against the state or consents to be sued. Lacasse v. Burns, 214 Conn. 464, 468 (1990). "[S]ince the state can act only through its officers and agents a suit against a state officer is in effect one against the sovereign state," White v. Burns, 213 Conn. 307, 312 (1990).
"In a constitutional democracy sovereign immunity must relax its bar when suits against the state complaint of unconstitutional acts." Doe v. Heintz, 204 Conn. 17, 31 (1987). "The allegations of such a complaint and the factual underpinnings if placed in issue, must clearly demonstrate an incursion upon constitutionally protected interests." Barde, supra at 64. The court will apply this standard only where a party is seeking declaratory or injunctive relief against the state. Doe, supra at 32. When a party seeks a monetary award against the state, the court will apply a different standard. See Barde, supra at 66. In such a case, the exhaustion of an administrative remedy is a prerequisite to a court's jurisdiction to consider even a constitutional claim. Doe, supra at 34.
The plaintiff's primary argument, in opposition to the motion to dismiss, is that the state lacks sovereign immunity because the defendants have allegedly committed an unconstitutional act. The plaintiff's prayer for relief, however, is for money damages. Accordingly, the plaintiff's argument is misdirected in light of Doe v. Heintz, supra at 17. Therefore, the court must determine whether the plaintiff has exhausted his administrative remedies. The plaintiff's memorandum of law in opposition to the motion to dismiss, essentially concedes the issue of whether the plaintiff has exhausted his administrative remedies. The plaintiff states that a claim is pending against the claims commissioner. Accordingly, at this time, the plaintiff has not exhausted his administrative remedies. A failure to exhaust an administrative remedy implicates subject matter jurisdiction and may be the basis of a motion to dismiss. Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556 (1987). Therefore, the motion to dismiss the plaintiffs complaint is granted as to the defendants' State of Connecticut Department of Children and Youth Services and Elaine Debet-Fricke.
PICKETT, J.