[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant Burns, Commissioner of Transportation, has filed a motion to strike the fourth count of the plaintiff's revised complaint, claiming that sovereign immunity bars a claim for nuisance against the state and its officials. With CT Page 1878 a motion to strike all the facts alleged in the complaint and facts necessarily implied from them are accepted as true, and the complaint is construed in the manner most favorable to the plaintiff. Blancato v. Feldspar Corporation, 203 Conn. 34,36, 37. The motion to strike can be used to test the legal sufficiency of a complaint and whether it states a claim upon which relief can be granted. Mingachos v. CBS, Inc., 196 Conn. 91, 108; Connecticut Practice Book section 152. A motion to strike can be used to decide the issue of governmental immunity as a matter of law. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170.
Connecticut has long recognized the common law principle that the state cannot be sued without its consent. White Oak Corporation v. Department of Transportation, 217 Conn. 281,297; Sentner v. Board of Trustees, 184 Conn. 339, 342; Textron, Inc. v. Wood, 167 Conn. 334, 339. The state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in specific situations. White v. Burns, 213 Conn. 307, 312; Duguay v. Hopkins, 191 Conn. 222, 227. Since the state can only act through its officers and agents, a suit against a state officer, such as the highway commissioner, is in effect one against the sovereign state. White v. Burns, supra, 312; Horton v. Meskill, 172 Conn. 615, 623. The state legislature has waived sovereign immunity to a limited extent in the area of highway defects when it enacted the state highway liability statute, section 13a-144 of the General Statutes. White v. Burns, supra, 312. However, when the state consents to suit it does not consent to liability beyond the terms of the statute, and waivers of sovereign immunity are strictly construed. White Oak Corporation v. Department of Transportation, supra, 297; White v. Burns, supra, 312, 321; Duguay v. Hopkins, supra, 228. Since there was no right of action against the sovereign state at common law, in order for a plaintiff to recover the action must be within the terms of section 13a-144 C.G.S. White v. Burns, supra, 321; Baker v. Ives, 162 Conn. 295, 298.
The fourth count of the revised complaint is an action for common law nuisance against the highway commissioner. It was held in Murphy v. Ives, 151 Conn. 259, 263, 264, that there is no cause of action against the state on a theory of nuisance because the action is barred by the doctrine of sovereign immunity.
The motion to strike the fourth count of the complaint is granted.
Robert A. Fuller, Judge CT Page 1879