[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On May 7, 1992, the plaintiff, the Paucatuck Eastern Pequot Indians of Connecticut, filed a two-count complaint against the following defendants:
 1) Lowell Weicker, Governor of Connecticut (hereinafter "Governor");
2) Timothy R.E. Keeney, Commissioner of CT Page 2246 the Department of Environmental Protection (hereinafter "Commissioner"); and
 3) Arthur Sebastian, Lawrence Sebastian and Roy Sebastian (hereinafter "Sebastians").
The plaintiff alleges in the first count of the complaint, directed at all of the defendants, that:
 1) The plaintiff is a bona fide Indian tribe residing on a reservation located in North Stonington, Connecticut.
 2) The Governor and the commissioner are the public officials responsible for administration and control of lands to be held in trust for the benefit of Indians pursuant to General Statutes 47-65 et seq.;
 3) The Governor and the commissioner and their predecessors in interest gave written permission to the Sebastians to reside on the plaintiff's reservation land;
 4) The defendants failed and refused and continue to refuse to seek approval of the Sebastians' residency pursuant to the tribe's established traditions and procedures.
 5) The Governor and the commissioner have refused to revoke the Sebastians' residency permission and have refused to collect use and occupancy payments from the Sebastians and/or to turn such payments over to the plaintiff.
Based on these factual allegations, the plaintiff claims that it is aggrieved in that the actions of the Governor and the commissioner are in violation of the plaintiff's sovereign rights as set forth in 18 U.S.C. § 1162, 28 U.S.C. § 1360 and CT Page 2247 art. I, 8 of the United States Constitution. The plaintiff requests the following relief: (1) damages; (2) a declaratory judgment that the Sebastians did not seek proper authorization to reside on the reservation; (3) use and occupancy payments; (4) attorney's fees; and (5) such other relief as the court deems fair and equitable.
The plaintiff alleges in the second count, directed only at the Sebastians, that: (1) the Sebastians have unlawfully and without permission or license from the plaintiff, entered onto reservation land and continue to reside on said land; and (2) despite the plaintiff's demand, the Sebastians have not sought residency through procedures established by the tribe. Based on these factual allegations, the plaintiff requests the following relief: (1) damages; (2) an order to direct the Sebastians to cease trespassing; (3) rental payments; (4) use and occupancy payments; and (5) such other relief as the court deems fair and equitable.
On August 7, 1992, the Governor and the commissioner filed a motion to dismiss the complaint on the grounds that:
 (1) The state defendants are immune from suit under the doctrine of sovereign immunity;
 (2) The plaintiff has not exhausted its administrative remedies;
 (3) The plaintiff has failed to comply with the procedures for a declaratory judgment.
On August 11, 1992, the Sebastians filed a motion to dismiss the complaint on the grounds that: (1) the court lacks subject matter jurisdiction because the complaint is an internal tribal dispute and (2) the court lacks personal jurisdiction over the Sebastians because process and service of process were insufficient. Attached to the memorandum of law filed in support of the motion was the affidavit of the defendant Roy Sebastian which details the status of the Sebastians' claims and the history of the plaintiff tribe in general. CT Page 2248
The plaintiff filed memoranda in opposition to both defendants' motions to dismiss. As to the Governor's and the commissioner's motion, the plaintiff argues that: (1) sovereign immunity is not a bar to this action because the complaint alleges unconstitutional actions by the Governor and the commissioner; (2) the plaintiff did not need to exhaust administrative remedies; and (3) the claim for declaratory judgment was procedurally correct. As to the Sebastians' motion, plaintiff argues that: (1) the superior court has jurisdiction over this tribal dispute; and (2) process and service of process were sufficient.
Both sets of defendants filed various memoranda in reply to other parties' memoranda.
DISCUSSION
"A motion to dismiss is the proper vehicle to test the jurisdiction of the court." Zizka v. Water Pollution Control Authority of the Town of Windham, 195 Conn. 682, 685,490 A.2d 509 (1985). When the motion to dismiss does not seek to introduce facts beyond the record, it admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227,464 A.2d 45 (1983). Where appropriate, a party shall file supporting affidavits as to facts not apparent on the record. Practice Book 143. Where a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. Barde v. Board of Trustees of Regional Community Colleges, 207 Conn. 59, 60, 539 A.2d 1000
(1988).
A. Sovereign Immunity
Sovereign immunity affects subject matter jurisdiction and can be asserted in a motion to dismiss. Barde, supra. "We have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state." Sentner v. Board of Trustees, 184 Conn. 339, 342,439 A.2d 1033 (1981). In the instant case, the suit was brought against Lowell Weicker, Governor of Connecticut and CT Page 2249 Timothy R.E. Keeney, Commissioner of the Department of Environmental Protection for matters in which the defendants were representing the state. Therefore, this is a suit against the state.
It is well recognized in Connecticut that the state is immune from suit unless the General Assembly, by appropriate legislation, authorizes suits against the state, or the state consents to be sued. Lacasse v. Burns,214 Conn. 464, 468, 572 A.2d 357 (1990). "In a constitutional democracy sovereign immunity must relax its bar when suits against the government complain of unconstitutional acts." Sentner, supra, 343. "Sovereign immunity does not bar suit against state officials acting in excess of their statutory authority. . . . This court has accordingly entertained suits like the present action in which declaratory relief is sought as well as related injunctive relief; . . . and also suits seeking only to enjoin state officials from illegal or unconstitutional acts." (Internal citations omitted.) Doe v. Heintz, 204 Conn. 17, 31, 526 A.2d 1318 (1987).
Count one is the only count directed at the state through the Governor and the commissioner. It is conceded that the plaintiff raises allegations in count one that the Governor and the commissioner acted unconstitutionally and/or in excess of their statutory authority. However, the plaintiff is not seeking the type of relief for which sovereign immunity will be lifted.
Three of the plaintiff's requests for relief in count one involve monetary awards: (1) damages; (2) use and occupancy payments; and (3) attorney's fees. "In the absence of legislative authority, however, we have declined to permit any monetary award against a state and its officials." Doe, supra, 32. Therefore, there is no legislative authority for the monetary relief requested, and as to the state defendants, these claims are bared by sovereign immunity.
Two of the plaintiffs claims for relief involve equitable remedies: (1) a declaratory judgment that the Sebastians did not seek proper authorization to reside on the reservation; (2) any relief that is fair and equitable. The claim for "just and equitable" relief does not state with precision a request for a declaratory judgment as required by Practice Book 391. Further, while the court can grant an CT Page 2250 award for injunctive relief based on a general prayer for equitable relief, the allegations in the complaint do not support an award of injunctive relief. See, e.g. Hartford v. American Arbitration Association, 174 Conn. 472, 476, 391, A.2d 137 (1978). Therefore, as to the state defendants, this claim for relief is barred by sovereign immunity.
The remaining claim for a declaratory judgment does not seek a ruling on any action attributed to a state official but rather merely requests a declaration as to the validity of actions taken by private individuals, the Sebastians. This claim is not directed at the state defendants and therefore cannot work to lift the sovereign immunity bar as to these state defendants.
In conclusion count one is hereby dismissed as to the state defendants because the relief sought in that count is barred by sovereign immunity. Because the second count is not directed at the state defendants, the entire action is hereby dismissed as to these defendants. As to the Sebastians, count one is not dismissed on the basis cited above because the claims against them are not barred by sovereign immunity.
B. The Court's Jurisdiction Over the Cause of Actions as it Pertains to the Plaintiff and the Sebastians.
General Statutes 47-59a as amended by P.A. 1989 No. 89-368 states, in pertinent part, that:
 The State of Connecticut further recognizes that . . . the Paucatuck Eastern Pequot [Tribe] . . . [is a] self-governing [entity] possessing powers and duties over tribal members and reservations. Such powers and duties include the power to: (1) determine tribal membership and residency a reservation land. . . .
In Schaghticoke v. Potter, 217 Conn. 612, 616, 587 Conn. 139
(1991), the court held that this statute as amended is controlling as to actions occurring after its passage and effective date, October 1, 1989. Where "the enactment [is] controlling, the state's general supervisory authority over Indian affairs pursuant to 47-65 would be subordinated to CT Page 2251 the specific authority granted to the [an enumerated indian tribe] by P.A. 89-368." Id. However, the amendment to the General Statutes does not have retroactive affect. Id. For actions occurring before the effective date of passage, the question of whether the state has civil jurisdiction over Indian tribal matters is decided by a factual inquiry into two separate principles. Id.
 The first is the extent to which Congress has preempted the field by exercising direct control over [the tribe] pursuant to its powers set out in the federal constitution, and the second is the extent to which the [Indian tribe has] retained a residual and demonstrable tribal sovereignty as recognized by federal case law.
Id., 617.
In the instant case, the action of which the plaintiff complains, allowing the Sebastians to live on the residency, occurred in 1971 when Lawrence Sebastian and Roy Sebastian were granted permission by the state to live on the reservation. Therefore, the question of the states jurisdiction is dependent on the two-fold factual inquiry noted above.
"When issues of fact are necessary to the determination of the court's jurisdiction, due process requires that a tribal-like hearing be held in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56, 459 A.2d 503 (1983). The determination of issues of fact relating to the status of the plaintiff tribe are necessary to the outcome of the jurisdictional issue and therefore, the court may not grant the Sebastians' motion to dismiss the complaint.
In conclusion the court hereby grants the motion to dismiss the complaint against the state defendants because the complaint is barred by sovereign immunity.
The court hereby denies the motion to dismiss the complaint against the Sebastians because the jurisdictional CT Page 2252 issue raised by the motion is dependent on factual determinations not appropriate for resolution in a motion to dismiss.
Hurley, J.