[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
In March, 1993, the plaintiff, The Harvey Robbin Co. ("Robbin"), a mechanical subcontractor, submitted a bid to perform the heating, ventilating, and air conditioning ("HVAC") work on a Department of Public Works ("DPW") project to the defendant Cristwood Contracting, Inc., a general contractor. Cristwood included Robbin's bid in its general bid to the DPW and the DPW accepted Cristwood's bid. Robbin alleges that Cristwood expressly and repeatedly informed it that it would perform the HVAC work.
Cristwood has now moved to dismiss the first count of the plaintiff's complaint, asserting this court lacks subject matter jurisdiction. More specifically, the defendant argues that the first count is based on a violation of General Statutes § 4b-96[1], a public bidding statute; and that a disappointed CT Page 9060 bidder does not have standing to challenge a violation of this statute.
It is certainly true that "municipal competitive bidding laws are enacted to guard against such evils as favoritism, fraud or corruption in the award of contracts, to secure the best product at the lowest price, and to benefit the taxpayers, not the bidders." Ardmare Construction Co. v. Freedman,191 Conn. 497, 504 (1983). Accordingly, in the absence of fraud, favoritism or corruption, a disappointed low bidder does not have standing to challenge the violation of a public bidding statute.
The first count of the plaintiff's complaint is not, however, properly characterized as solely alleging a violation of § 4b-96. Rather, the plaintiff alleges the existence of a contract and breach of that contract by the defendant. The plaintiff has cited and referred to § 4b-96 in its first count in the context of describing the circumstances surrounding the alleged breach. The claim that the defendant violated the requirements of § 4b-96 is temporally subsequent to the alleged breach, which is the gravamen of the first count.
For purposes of deciding a motion to dismiss, the court must accept as true the allegations of the complaint and construe them most favorably to the plaintiff. Duguay v.Hopkins, 191 Conn. 222, 227 (1983). Viewing the complaint in this manner, this court construes the first count as seeking damages for breach of contract. Whether the plaintiff can prove this is, of course, another matter. See, for example,Mitchell v. Siqueiros, 582 P.2d 1074, 1077-1078 (1978). Nevertheless, this court clearly has subject matter jurisdiction over this action and thus, the defendant's motion to dismiss is denied.[2]
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT