[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
The plaintiff, Mark Urich, commenced this action by service of process on the defendant, Richard Fish, on April 25, 1994. The plaintiff, a New Jersey resident, claims he entered into a contract with the defendant, a Connecticut resident, for the sale of a vessel known as "Rainbow Connection", valued at $474,000. The plaintiff claims that the defendant failed to pay the full contract price and brings this action seeking recovery of the balance.
On May 18, 1994, the defendant filed a motion to dismiss the complaint on the grounds that the court (1) lacks jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, and (4) insufficiency of process. The memorandum in support of the motion, however, addresses only the lack or personal jurisdiction. (The defendant's brier presents CT Page 10205 facts that indicate an attempt to raise the issue of forum non conveniens, however, he never uses that terminology nor does he set forth argument on such grounds.)
Attached to the defendant's memorandum in support of his motion to dismiss is a "Bill of Sale" which was signed by the plaintiff seller, on June 7, 1993. This bill of sale lists the buyer as MAN Maritime, Ltd., a Delaware Corporation. Attached to the Bill of Sale is a "Seller's Declaration" signed by the plaintiff seller attesting to the fact that the buyer of the vessel was MAN Maritime. The defendant's affidavit was filed approximately four months after the memorandum and contradicts some of the facts set out in the memorandum, specifically the status of the defendant's relationship with MAN Maritime.
Attached to the plaintiff's memorandum in opposition to the motion to dismiss is a "Brokerage Purchase and Sales Contract", dated February 26, 1993. The contract is signed by the plaintiff seller, on March 1, 1993, and by the defendant, Richard Fish, on March 5, 1993. The contract does not indicate that MAN Maritime, LTD., a Delaware corporation, was a party to the contract or that Richard Fish was acting on behalf of that corporation.
"The motion to dismiss . . . admits all facts which are pleaded, invokes the existing, record and must be decided upon that alone." Barde v. Board or Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). "[T]he complaint [is to be] construed most favorably to the plaintiff. . . ." (Citations omitted.) Duguay v.Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983).
"The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters slated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction."Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53,459 A.2d 503 (1983). The officers return which was part of the court file indicates that the writ, summons and complaint were "left at the usual place of abode of the . . . defendant, RICHARD FISH, at 60 Fox Chase Lane, . . . Town of West Hartford." The defendant's affidavit did not admit nor deny his residency in the State of Connecticut, nor did the defendant present any other factual information in contradiction to the officer's submissions. Instead, the defendant argues that the court lacks jurisdiction over him because he is not the owner of the vessel and as such, CT Page 10206 not a proper party to the suit. The defendant's purported signature, however, appears on the contract.
The affidavit of the defendant states "I Richard Fish, personally never took title, registered nor owned a vessel by the name of `Rainbow Connection.'" The affidavit, however, does not clarify why the defendant signed the contract in his individual capacity, nor, as the plaintiff argues, does it deny the fact that he is a resident of the State of Connecticut. Therefore, the motion to dismiss is denied.
Martin, J.