[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #113
On May 23, 1996, the plaintiff, First County Bank, instituted this foreclosure action against the defendant, Paul Karantonis, seeking foreclosure on the defendant's property for default on a note executed by the defendant on November 9, 1989, to the plaintiff. On July 13, 1996, the defendant filed a motion to dismiss along with a motion to extend time for filing a responsive pleading. On July 18, 1996, the plaintiff filed an objection to the defendant's motion to dismiss. On July 19, 1996, the plaintiff filed an appearance and simultaneously filed a memorandum in support of its motion to dismiss.[1]
The purpose of a motion to dismiss is to test whether on the face of the record, the court is without jurisdiction.Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). A motion to dismiss, "properly attacks the jurisdiction of the court essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the CT Page 4213-HH court." (Emphasis omitted; internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). Furthermore, the motion to dismiss, "admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. . . ." (Citation omitted; internal quotation marks omitted.) Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45
(1983).
The defendant moves to dismiss the plaintiff's complaint on the ground that there is lack of personal jurisdiction because he was not served in accordance with; Connecticut's Long Arm Statute, General Statutes § 52-59b(c). General Statutes §52-59b provides in pertinent part: "a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: . . . (4) owns, uses or possesses any real property situated within the state." General Statutes § 52- 59b(c) further provides: "[a]ny nonresident individual . . . shall be deemed to have appointed the secretary of the state as its attorney and to have agreed that any process in any civil action brought against the nonresident individual or foreign partnership, may be served upon the secretary of the state and shall have the same validity as if served upon the nonresident individual. . . . The process shall be served by the officer to whom the same is directed upon the secretary by leaving with or at the office of the secretary, at least twelve days before the return day of such process . . . and by sending to the defendant [the writ, summons, and complaint] at his last-known address, by registered or certified mail. . . ."
In his affidavit, the defendant states that he is a resident of the city and state of New York, and his address is 2252 35th St., Astoria, New York. He further states that he has resided there during the past twelve months. The plaintiff has not offered any evidence to refute the defendant's affidavit.
The sheriff who served process on the defendant states in his affidavit that service was made by leaving a copy of the writ, summons and complaint at the usual place of abode of the defendant, at Royal Pavilion, Unit No. 704, 60 Strawberry Hill Ave., Stamford, Connecticut.
The defendant is a non-resident of Connecticut and must be served in accordance with the provisions of General Statutes § 52-59b(c). Thus, the defendant was not served properly under General Statutes § 52-59b(c), since the secretary of CT Page 4213-II state was not served, nor was a copy of the writ, summons and complaint sent to his last known address in Astoria, Queens. Accordingly, since this court lacks personal jurisdiction over the defendant, his motion to dismiss is granted.
HICKEY, J.