[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an action by the guardian of Sandra Swan who, while allegedly under the supervision of the Commissioner of the Department of Mental Retardation, was assaulted on numerous occasions while confined at a facility, a group home, which allegedly was owned by a corporation, the defendant, Valley Association For Retarded Citizens and Adults, Inc. It is alleged that the corporation, "VARCA" allowed another defendant, Residential Management Services, Inc., to operate the facility. CT Page 4644
The third count of the complaint is brought against Commissioner of the Department of Mental Retardation. The third count incorporates the first seven paragraphs of the first count, setting forth the claim of numerous physical assaults. The third count, Paragraph 9a and 9b then claims two specific allegations of common law negligence. The negligent placing of the ward in the facility where she knew or should have known that the ward's safety and well being would be endangered; and failure to properly supervise the group home knowing that the residents were incapable of properly protecting themselves from harm.
Paragraph 12 of the third count then states:
 As a further result of the negligence and carelessness of the Defendant Commissioner as set forth aforesaid, the plaintiff was caused to suffer the deprivation of her civil rights without due process of law in violation of Connecticut General Statutes § 17a-238(a), all to her great loss and damage.
The defendant Commissioner of the Department of Mental Retardation moves to dismiss "the Third Count against him, to the extent that it alleges violation of Conn. Gen. Stat. §17a-238(a). Because 17a-238(a) does not waive sovereign immunity, the court lacks subject matter jurisdiction to consider this claim."
DISCUSSION
General Statutes § 19a-24 is entitled "Claims for damages against commissioners of public health and addiction servicesand mental retardation and certain officials, employees, council members and trustees. Immunity, Indemnification." The statute states, in relevant part
 (a) Any claim for damages . . . shall be brought as a civil action against the commissioners in their official capacities.
In 1983, the Supreme Court dealt with the question of governmental immunity as related to the statute, 19a-24. CT Page 4645
 We review the trial court's decision to grant the state defendants' motion to dismiss, then, under the assumption that Duguay's injuries were due to the negligence and carelessness of the state defendants.
Duguay v. Hopkins, 191 Conn. 222, 227 (1993).
 We conclude, therefore that § 19a-24 was intended by the legislature to apply to apply to all civil action against the commissioner of mental retardation or any member of their staffs. By its enactment the legislature has waived sovereign immunity of the state in those cases to which the statute applies.
Duguay v. Hopkins, supra, p. 232 (emphasis added.)
General Statutes § 19a-24 specifically pertains to "(a) Any claim for damages in excess of one thousand five hundred dollars on account of any official act or omission of the commissioner . . ." Hence, it is clear that governmental immunity is waived as to the commissioners for negligent acts or omissions, whether by virtue of common law negligence or by virtue of the common law doctrine of negligence per se arising out of a violation of a statute designed to protect persons against injury, provided the person is within the protected class and the injury is the type which the statute was intended to prevent. Wright v.Brown, 167 Conn. 464, 468, 469 (1975).
In the matter of Duguay v. Hopkins, supra, the Supreme Court dealt with a claim of common law negligence and hence determined that the statute, 19a-24, constituted a general waiver of sovereign immunity as concerns the negligent doings of the Commissioner of Mental Retardation. The defendant and properly so, does not move to dismiss the claims of common law negligence asserted against the Commissioner General Statutes § 19a-24 constitutes a general waiver of governmental immunity as concerns all civil actions.
 II.
Therefore, the precise question presented by this motion to dismiss is whether General Statutes 17a-238 creates a cause of action, on the one hand, or whether it is merely a legislative declaration, or affirmation of personal, property, or civil rights such as to be merely a guarantee of humane and dignified CT Page 4646 treatment. The defendant contends that the body of General Statutes 17a-238 does not contain a specific direction that an action may be brought for damages by a person aggrieved by a violation of the statute. The defendant consequently asserts that the legislature did not create a civil cause of action for conduct inconsistent with the provisions of this statute.
The defendant contrasts this statute to the statutes pertaining to persons hospitalized or treated in any public or private facility for the mentally ill, General Statutes 17a-540
to 17a-550, Part III, Patients Rights. General Statutes §17a-550 specifically permits the bringing of a civil action for violation of the civil rights of a mentally ill person. General Statutes 17a-238 does not contain such a special directive within the body of the statute. However, as aforesaid, General Statutes 19a-24 clearly provides for the waiver of sovereign immunity. Duguay v. Hopkins, supra. Any further waiver is unnecessary and would be superfluous.
The defendant further asserts that General Statute 17a-238
does not create a cause of action against the state or the Commissioner of the Department of Mental Retardation acting in his official capacity. (See footnote p. 555 Mahoney v. Lensink,213 Conn. 548 (1990) recognizing that such suits are against the state.)
The argument advanced by the defendant is to the effect that the statute is simply a guarantee of humane and dignified treatment to any person admitted to the Commissioner's care and custody. The argument appears to be that because, arguendo, the statute, § 17a-238(a), does not literally articulate the creation of a specific cause of action, then the general tenants of sovereign immunity would apply, and hence the court would lack subject matter jurisdiction to entertain this claim. The Supreme Court dealt with a nearly identical contention as applies to an allied subject. General Statute 17-206b, the predecessor of present General Statute 17a-541, concerning persons confined for treatment of mental illness.
The guaranty under the two statutes, i e. mental health and mental retardation, is practically identical to wit:
 17a-238(a) No person placed or treated under the direction of the commissioner of mental retardation in any public pr [or] private facility shall be deprived of any CT Page 4647 personal, property or civil rights, except in accordance with due process of law.
 17a-541 No patient treated in any public or private facility for the treatment of persons with mental illness shall be deprived of any personal, property or civil rights . . . except in accordance with due process of law, . . .
The Supreme Court has spoken clearly and decisively concerning the effect of General Statutes § 17a-541, mental illness
 They maintain, however, that in the absence of relevant legislative history, the legislature must be presumed to have intended only a narrow circumscribed guarantee of compassionate care. We are unpersuaded.
Mahoney v. Lensink, 213 Conn. 548, 563 (1990).
 In enacting § 17-206c, the legislature created a statutory cause of action that established a new tort liability, unknown to the common law, and therefore independent of common law negligence.
Mahoney v. Lensink, supra, p. 563. (Emphasis added.)
 The Appellate Court was correct in holding that the trial court had jurisdiction to hear this case.
Mahoney v. Lensink, supra, p. 562.
 We are persuaded, therefore, that the federally recognized right to treatment and to a safe environment applies to all patients within state mental health facilities without regard to the voluntary or involuntary nature of their confinement.
The court perceives no significant difference between the mandate of General Statutes 17a-541 and 17a-550 pertaining to mental illness, and the related-in-purpose statutes 17a-238 and19a-24 pertaining to mental retardation. The court has jurisdiction. The motion to dismiss is denied. CT Page 4648