[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (DOCKET ENTRY NO. 106)
The question before the court is whether, pursuant to General Statutes § 46b-59,[1] this court has subject matter jurisdiction to entertain a petition by the maternal grandmother for visitation rights with her minor grandchildren.
By complaint dated April 19, 2001, the parties in this action began marriage dissolution proceedings. They have two minor children, Joshua and Zachary. The parties have resolved all significant issues including property division, child custody and visitation.
On October 4, 2001 the maternal grandmother, Marion Yourwith, filed a Motion to Intervene Pendente Lite. Relying on Connecticut General Statutes § 46b-57,[2] the maternal grandmother alleged that she had a close relationship with the children and that she visited them at least weekly until the filing of the dissolution action. She seeks relief relating to the custody and visitation of her grandchildren.
The defendant, with the plaintiff's consent and approval, has filed a motion to dismiss the intervention request. The crux of the motion to dismiss is that, under the Connecticut case of Castagno v. Wholean,239 Conn. 336, 684 A.2d 1181 (1996), and the United States Supreme Court case of Troxel v. Granville, 530 U.S. ___ (2000), this court lacks subject matter jurisdiction to permit the maternal grandmother to intervene. The court disagrees. CT Page 15985
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). (Emphasis omitted; internal quotation marks omitted.) The motion to dismiss "admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45
(1983). "The court, in deciding. a motion to dismiss, must consider the allegations of the complaint in their most favorable light. Savage v.Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990).
General Statutes § 46b-57 permits interested third parties, such as a grandparent, to intervene in a pending "controversy" or any "complaint" before the Superior Court on the issue of custody of minor children. There can be no question that a complaint is pending. The dissolution decree has not entered. Given the active nature of a preexisting divorce proceeding instituted by the father of the children, the maternal grandmother meets the strict terms of the statutory prerequisites. Therefore, the court has subject matter jurisdiction of the grandmother's motion.
The plaintiff and defendant rely on Castagno v. Wholeon,239 Conn. at 336, for the proposition that there be a contested divorce before a court can entertain a motion for third party intervention. Contrary to the parents' Current position, the Court in Castagno clearly recognized that "when the issue of the custody or care of a minor child is before the court, a third party may be granted visitation rights." Castagno v.Wholeon, 239 Conn. at 346.
Having sought the jurisdiction of this court for their marriage dissolution, the parties cannot seriously claim that custody and visitation are not before this court. Indeed, in his April 19, 2001, complaint, the plaintiff father seeks "[t]emporary and permanent joint legal custody of the minor children." Given the active nature of a preexisting divorce proceeding instituted by the father of the children and the absence of an intact family unit as defined by case law, the court has subject matter jurisdiction with the power to hear and decide the grandmother's motion to intervene. Therefore the Motion to Dismiss is denied.
That does not end this court's inquiry. In Troxel v. Granville, the United States Supreme Court suggested that before a state court can authorize third party intervention, there should be a specific pleading of parental unfitness or imminent harm to the child. The burden of proof rested with the attempted intervenor. The Supreme Court cautioned that a CT Page 15986 family court should presume that the parents' decision is in the child's best interest, unless there is a probable cause to believe otherwise. See also Carbo v. Kalosky, 29 C.L.R. 2547 (February 16, 2001, Gordon, J.) In the present case, the maternal grandmother has failed to indicate any facts that indicate parental unfitness.
Accordingly, this court will treat the Motion to Dismiss as a Motion to Strike, which is granted.
It so ordered.
JULIA DiCOCCO DEWEY, JUDGE