[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case is before the court on a Motion to Dismiss based on a forum selection clause in the documents that define the parties' business relationship. The plaintiff is a Delaware corporation whose principal place of business is in New York. The defendant PARCC Healthcare, Inc., is a Connecticut corporation and the individual defendants, Donald Franco and Lorraine Franco, are Connecticut residents.
The underlying action is an application for prejudgment remedy brought by HCR Pool III Funding Corp. ("HCR"). HCR claims damages emanating from a claimed breach of a financing agreement by PARCC Healthcare, Inc. ("PARCC"). The individual defendants (Franco) signed a guaranty of the obligations of PARCC Healthcare, Inc. under the financing agreement.
The defendants have filed a Motion to Dismiss based upon a choice of forum clause in the financing agreement, and, a choice of forum clause in the guaranty signed by Franco. The plaintiff has filed an objection to the motion to dismiss, both parties have filed memorandum that has included the necessary language from the agreement and guaranty, and the court has heard argument.
"A motion to dismiss . . . properly attacks the jurisdiction of the CT Page 6964 court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). (Emphasis omitted; internal quotation marks omitted.) The motion to dismiss "admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45
(1983). "The court, in deciding. a motion to dismiss, must consider the allegations of the complaint in their most favorable light." Savage v.Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990).
The language of the forum selection clauses at issue bear repeating here. The clause of the financing agreement states:
 a. Governing Law. This Agreement shall be governed by, and construed in accordance with, the law of the State of New York (without giving effect to the conflict of laws principles thereof).
 b. Waiver of Jury Trial, Jurisdiction and Venue. Each party hereto hereby waives all rights to a trial by jury in the even of any litigation with respect to any matter related to this agreement, and hereby irrevocably consents to the jurisdiction of the State and Federal courts located in New York County, New York City, New York in connection with any action or proceeding arising out of or relating to this Agreement. In any such litigation, each party hereto waives personal services of any summons, complaint or other process and agrees that service thereof may be made by certified or registered mail directed to such party at its address set forth on the signature pages hereof. Each party hereto shall appear in answer to such summons, complaint or other process within the time prescribed by law, failing which such party so failing to appear shall be deemed in default and judgment may be entered by the other party for the amount of the claim and other relief requested therein.
The guaranty also has language conferring jurisdiction on New York.
 Governing Law: Jurisdiction: Amendments. This instrument cannot be changed or terminated orally, and shall be governed, construed and interpreted as to validity, enforcement and in all other respects in CT Page 6965 accordance with the laws of the State of New York. The undersigned expressly consents to the jurisdiction and value of the Supreme Court of the State of New York, County of New York and of the United States District Court for the Southern District of New York for all purposes in connection herewith. Any judicial proceeding by the undersigned against HCR involving, directly or indirectly any matter or claim in any way arising out of, related to or connected herewith shall be brought only in the Supreme Court of the State of New York, County of New York or the United States District Court for the Southern District of New York. The undersigned further consents that any summons, subpoena or other process or papers (including, without limitation, any notice or motion or other application to either of the aforementioned courts or a Judge thereof) or any notice in connection with any proceedings hereunder, may be served inside or outside of the State of New York or the Southern District of New York by registered or certified mail, return receipt requested, or by personal service provided a reasonable time for appearance is permitted, or in such other manner as may be permissible under the rules of said courts. The undersigned waives any objection to the jurisdiction and venue of any action instituted hereon and shall not assert any defense based on lack of jurisdiction or venue or based upon forum non conveniens.
The defendants do not (and cannot) assert that the court lacks personal jurisdiction over them, or, in the alternative, that they lack sufficient minimum contacts to satisfy due process requirements. Therefore, the motion to dismiss shall turn solely upon a determination as to whether these forum selection clauses are mandatory or permissive in nature. The plaintiff argues that these clauses merely reflect the parties' consent to jurisdiction in New York, and, venue in New York County.
The parties all acknowledge that the Agreement contains a choice of law provision, that the law of the State of New York shall apply to disputes under the Agreement, and therefore, shall apply to the the pending proceeding before the court. Therefore, in construing the forum selection clauses, the court is constrained to follow New York law. Elgar v.Elgar, 238 Conn. 839, 850, 679 A.2d 937 (1996).
The law of forum selection in New York has been summarized best as follows: "The general rule . . . Is that a forum selection clause CT Page 6966 conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion." Boutari and Sons v. Attiki Importers and Distributors,22 F.3d 51, 52 (2d Cir. 1994). In the clauses at issue here, the parties have conferred jurisdiction on New York for these proceedings, but have not excluded jurisdiction elsewhere.
The defendant argues that since both jurisdiction and venue are provided for in the Agreement's forum selection clause, under Seward v.Devine, 888 F.2d 957 (2d Cir. 1989) this forum selection clause is mandatory. This, however, is not a proper application of Seward[1] in light of subsequent law. The holding of Seward v. Devine, supra, was later clarified in the Boutari case. In Boutari, the plaintiff claiming breach of conduct was a Greek corporation; it brought an action in Federal Court in New York against the defendant, a New York corporation. The agreement between the parties stated that it "shall be governed and construed according to the laws of Greece. Any dispute arising between the parties hereunder shall come with the jurisdiction of the competent Greek courts, specifically of the Thessaloniki courts."
The similarity of the provisions to those at issue here are striking. The use of the word "shall" suggests more than consent, but also mandatory jurisdiction and venue. However, even with this heightened language, the court, after considering issues of prejudice, held that the language was merely permissive and that, "[a]lthough the word `shall' is a mandatory term, here it mandates nothing more than that the [Greek courts] have jurisdiction." Boutari at p. 52.
Similarly, the "consent" to New York jurisdiction and venue in the instant case, with even less strenuous language, can thus only be interpreted as permissive rather than mandatory.
The defendants cannot claim harm or inconvenience to them to result if the litigation remains in Connecticut, for they are individually Connecticut residents, and, the corporate defendant's place of business is in Bridgeport, Connecticut.
Had the parties intended exclusive jurisdiction in New York, the language could have been drafted to state the same.[2] Where the language is merely consensual, it must be construed as permissive.
The Motion to Dismiss is denied.
By the Court,
Lynda B. Munro CT Page 6967 Judge of the Superior Court