[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The named plaintiff, Rosinka Joint Venture (Rosinka), is a registered Russian joint venture engaged in the business of constructing 450 condominium units in Krasnogorsk, Russia. Plaintiff Senie Kerschner International Housing Limited (SKIHL), a Connecticut corporation, is the principal American partner in the joint venture. Plaintiff Christopher Senie, a principal shareholder of SKIHL, is the former General Director of Rosinka. The defendant, Richard Williams, is a citizen of Connecticut who currently resides in Russia where he works for Rosinka. CT Page 8981
The plaintiffs filed a three count action against the defendant on June 24, 1993. The amended complaint, dated August 6, 1993, contains an additional count. The plaintiffs allege that the defendant tortiously interfered with Rosinka by encouraging other workers to destroy Senie's authority and that defendant conspired with Oleg Zakharov, the Russian Deputy General Director, to compel Senie to resign from his position of General Director by, among other things, threatening a strike and cutting off vital services at Senie's residence unit at the project. The plaintiffs also allege that defendant's actions constitute a violation of the Connecticut Unfair Trade Practices Act, General Statutes 42-110 et seq. [CUTPA]. The plaintiffs seek a temporary and permanent injunction restraining defendant from further wrongful action, an injunction directing defendant to deliver to plaintiffs all Rosinka and SKIHL records and documents, monetary damages, and punitive damages.
On July 23, 1993, defendant filed a motion to dismiss on the ground of forum non conveniens. The defendant submitted his own affidavit in support of such motion, as well as the affidavits of Alexander Minakov, legal counsel for Rosinka, and Yuri Timokhov, an attorney with the American law firm of Baker 
McKenzie in Russia.
"[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State, 190 Conn. 622,625 n. 4, 461 A.2d 991 (1983). A motion to dismiss "admits all facts which are well pleaded, invokes the existing record, and must be decided on that alone (Citations omitted.)" Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). The complaint is construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983).
The defendant claims that this case would be more appropriately decided in Russia. The defendant argues that the action should be dismissed from the Connecticut courts for the following reasons: defendant has spent 90% of his time during the past three years in Russia and will continue to do so; the other partner to the joint venture, Zavet Ilycha, is a Russian citizen; access to sources of proof will be easier in Russia since the events surrounding this action occurred there; there is no compulsory process by which unwilling witnesses in Russia can be compelled to give evidence; Russian substantive law will apply, because of the doctrine of lex loci delicti; it would be difficult for a Connecticut CT Page 8982 court to enforce injunctive relief in Russia; plaintiffs should not be permitted to vex defendant by inflicting expense and trouble upon him not necessary to pursue their claim; Connecticut courts will be burdened by an action in which the state has no interest; jury duty should not be imposed on the people of Connecticut when the state has no interest in the litigation; and Russia has an interest in having localized controversies decided in Russia.
In response, the plaintiffs argue that evidence by Russian witnesses is not essential to decide the case and that all parties to the action, with the exception of the Russian half of the joint venture, are Connecticut citizens. The plaintiffs also argue that the doctrine of lex loci delicti is not uniformly applied in tort actions in Connecticut and that the present case is easily distinguishable from Union Carbide Corporation v. Aetna Casualty Surety Co., 212 Conn. 311, 562 A.2d 15 (1989), a case defendant relies upon in support of his motion. Finally, plaintiffs argue that justice would not best be served by removing this case to Russia, as its legal system is currently in disarray.
"As a common law matter, the doctrine of forum non conveniens vests discretion in the trial court to decide `where trial will best serve the convenience of the parties and the ends of justice' (Citations omitted.)" Union Carbide Corporation v. Aetna Casualty Surety Co., supra, 319. "Emphasis on the trial court's discretion does not, however, overshadow the central principle of the forum non conveniens doctrine that `unless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed;' (Emphasis in original.)" Picketts v. International Playtex Inc., 215 Conn. 490, 500, (1990). "[I]nvocation of the doctrine of forum non conveniens is a `drastic remedy' . . . which the trial court must approach with caution and restraint." Id., 501.
The court in Picketts cautioned against dismissing a case from a plaintiff's chosen forum because another jurisdiction may be superior in the trial court's view, noting that:
 "the overriding inquiry in a forum non conveniens motion is not whether some other forum might be a good one, or even a better one than the plaintiff's chosen forum. The question to be answered is whether the] plaintiff's chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved." CT Page 8983
[T]he trial court . . . should place its thumb firmly on the plaintiff's side of the scale, as a representation of the strong presumption in favor of the plaintiff's chosen forum, before attempting to balance the private and public interest factors relevant to a forum non conveniens motion." Id., 501-02. Furthermore, "there is a well settled presumption strongly favoring a plaintiff's choice of his home forum." Sabino v. Ruffulo, 19 Conn. App. 402, 409,652 A.2d 1134 (1989).
There are four steps to a court's inquiry as to whether a case should be dismissed on the grounds of forum non conveniens: "(1) the court should determine if an adequate alternative forum exists which possesses jurisdiction over the whole case; (2) the court should consider all relevant factors of private interest with a strong presumption against disturbing the plaintiff's initial forum choice; (3) if the balance of private factors is equal, then the court should consider if any public interest tips the balance toward the foreign forum; and (4) if the public interest does tip toward the forum, then the court must make sure the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." Miller v. United Technologies Corp.,40 Conn. Sup. 457, 460, 515 A.2d 390 (1986).
In the present case, plaintiff Senie is a resident of Connecticut and SKIHL is a Connecticut corporation. Defendant is citizen of Connecticut. Although defendant has spent 90% of his time in Russia for the last three years in connection with the Rosinka project, he has retained his New Canaan address and his wife apparently resides in Connecticut. Plaintiff Rosinka is composed of SKIHL, a Connecticut corporation and Zavet Ilycha, a Russian citizen. Defendant claims that plaintiffs do not have the authority to bring an action on behalf of Rosinka because Senie resigned from the joint venture and because the joint venture bylaws require a unanimous board decision to commence an action on the joint ventures behalf. A decision as to whether the plaintiffs have such authority is not necessary for the resolution of this motion to dismiss.
The first step is to determine whether Russia is an alternative forum for plaintiffs' action. Miller v. United Technologies Corp., supra, 461. "[O]rdinarily, if a defendant is amenable to process [in the other jurisdiction], then the court can end its inquiry and make a finding that there is an adequate alternative forum." Id. Both Timokhov and Minakov state in their affidavits in support of defendant's motion that defendant is amenable to process in CT Page 8984 Russia as a resident of Russia and an employee of a Russian entity. "At the point, however, where the possible change in law would provide no remedy at all to plaintiff, a court may conclude that no adequate alternative exists." (Internal quotations omitted.) Id., quoting In re Union Carbide Corp. Gas Plant Disaster at Bhopal India, 634 F. Sup. 842, 845 (S.D.N.Y. 1986). Although plaintiffs in their memorandum in opposition to defendant's motion make reference to the "total and dismal disarray" of Russia's judicial system, they do not claim that the relief sought is not available in Russia. Furthermore, Timokhov and Minakov state in their affidavits that Russia offers an adequate alternative forum for the claims set forth in the plaintiffs' complaint. Thus, Russia is an alternative forum for this action.
"When there is an adequate alternative forum, the inquiry next turns to a weighing of the private interest factors." Miller v. United Technologies Corp., supra, 463. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; (3) the possibility of viewing the accident scene if such viewing is appropriate to the action; (4) the enforceability of a judgment; (5) the relative advantages and obstacles to fair trial; and (6) all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. see also Union Carbide Corporation v. Aetna Casualty Surety Co., supra, 319.
The events surrounding the alleged tortious interference occurred in Russia. In addition, plaintiffs' prayer for relief seeks return of certain Rosinka and SKIHL documents from defendant, so at least some of the relevant documents are also in Russia.
Defendant claims that disputes arising out of the joint venture should be resolved by arbitration in Stockholm rather than in a Connecticut court. (Minakov's affidavit, p. 1) While it may later be determined that this dispute is arbitrable under the joint venture agreement, the court cannot presently make such a finding based upon one statement in an affidavit and absent the agreement itself.
Defendant argues that important witnesses cannot be compelled to come from Russia to testify, as Russia does not have a process by which unwilling witnesses can be forced to give evidence. Plaintiffs claim that evidence by Russian witnesses is not essential to disposition of this case, and that the plaintiffs and CT Page 8985 other officers of SKIHL, who reside in Connecticut, will testify as to matters alleged in the complaint. The Supreme Court in Picketts v. International Playtex Inc., supra, 511, made reference to "modern technological innovations" such as jet travel, satellite communications and videotaped depositions. Defendant could certainly utilize such innovations if he believed that the Russian witnesses were essential to defending this action. Defendant would not be unduly burdened by having to defend an action in a state where his home is located and his wife lives.
The only factor which would point in favor of dismissing the present action for forum non conveniens is the possibility that Russian law would be applied. However, "`The mere fact that the court is called upon to determine and apply foreign law does not present a legal problem of the sort which would justify the dismissal of a case otherwise properly before it.'" Picketts v. International Playtex, Inc., supra, 512.
The balance of private interest factors tips in favor of the plaintiffs, so an analysis of step three and four set out by the Miller court is not necessary. Since this is an action between two citizens of Connecticut, the plaintiffs' choice to bring the action in Connecticut should be given great weight, and requiring the defendant to defend the action in his home state is not appropriate or unfair. See Picketts v. International Playtex, Inc., supra. Defendant has failed to rebut the very strong presumption in favor of a plaintiff who utilizes the court system of his own state. Accordingly, defendant's motion to dismiss on the grounds of forum non conveniens is denied.
Lewis, Judge.