[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO DISMISS (# 101)
The plaintiffs in this action are Barbara Thomason, Jeffery Corbett, Marjorie Biddle, Peter Corbett, James Corbett, David Biddle III, Bridget Biddle and Reilly Corbett, beneficiaries of a trust of which defendant is trustee. In their complaint, dated August 4, 1993, plaintiffs allege that on September 15, 1941, Arthur Trowbridge of Darien, Connecticut, now deceased, entered into a trust agreement with the Fulton Trust Company of New York, now known as the Chemical Bank, the purpose of which was to "make provision and settlement" for Thomason, who is Trowbridge's granddaughter. In connection with this trust, plaintiffs brought a seven count action against the defendant, Chemical Bank, alleging breach of fiduciary duty; negligence; gross negligence; that they are entitled to an equitable accounting; that they are entitled to a statutory accounting pursuant to chapter 907 of the General Statutes; fraud and deceit and removal of the trustee.
On October 7, 1993, defendant filed a motion to dismiss plaintiffs' action on the ground that this court lacks personal jurisdiction. The plaintiff filed an objection to the motion to dismiss on November 9, 1993, attaching the following: a supporting memorandum of law; the trust agreement; the affidavits of Robert McAnerney, plaintiffs' counsel, and Barbara Thomason; defendant's last accounting of the trust, dated October 19, 1962; a letter from George Haubner, of Chemical Bank, to Thomason, dated April 27, 1993; certified copies of the index to Darien land records or July 14, 1983 to June 30, 1988, July 1, 1988 to June 30, 1992 and July 1, 1992 to June 30, 1993; a certified copy of a judgment lien in favor of defendant entered by the United States District Court for the Southern District of New York and made a judgment in the Connecticut District Court; a certified copy of a certificate of attachment in favor of defendant returnable to the Fairfield Judicial District at Bridgeport; miscellaneous advertisements of defendant's services in the New York Times and Business Week; a certified copy of a mortgage deed to defendant dated July 1, 1992 CT Page 5838 recorded in the Darien land records; the affidavit of Peter Ryan, plaintiffs counsel, regarding defendant's credit card business; and certification of the authenticity of certain exhibits. On January 18, 1994, this court, Karazin, J., held a hearing on the motion to dismiss where both parties requested the opportunity to submit additional briefs. The last brief was filed in this court on February 7, 1994.
"[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State,190 Conn. 622, 625 n. 4, 461 A.2d 991 (1983). A motion to dismiss "admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone." (Citations omitted; internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). The complaint is construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222,227, 464 A.2d 45 (1983).
In support of its motion to dismiss, defendant argues that this court may not assert jurisdiction over it under General Statutes 33-411, the long arm statute addressing corporations. The defendant claims that the bank is incorporated in New York and has its principal place of business there; that the agreement was neither made in Connecticut nor intended to be performed there; that the tortious conduct, if any, did not take place in Connecticut; and that this cause of action does not arise out of acts taking place in Connecticut. The defendant further argues that even if the court finds that it does have jurisdiction over this action, it should dismiss the action in the exercise of its discretion.
On the other hand, plaintiffs argue that this court does have jurisdiction over defendant pursuant to § 33-411 (c), since defendant performed part of the agreement in Connecticut and it regularly solicits business in Connecticut. Plaintiffs claim that several meetings regarding the trust were held in Connecticut and that in addition to this trust, defendant is trustee of more than eleven trusts for the benefit of the Trowbridge family and that in all but two of these trusts, defendant serves as co-trustee of the trusts with Connecticut residents.
In order to determine whether it has personal jurisdiction over a nonresident defendant, a court's first inquiry is whether the applicable Connecticut long arm statute authorizes jurisdiction under the facts of a particular case. Lombard Bros., Inc. v.CT Page 5839General Asset Management Co., 190 Conn. 245, 250, 460 A.2d 481
(1983). Only if a court finds the long arm statute to be applicable does it reach the question of whether it would offend due process to assert jurisdiction over the defendant. Id.; Frazerv. McGowan, 198 Conn. 243, 246, 502 A.2d 905 (1986). "[I]n the establishment of facts pertaining to personal jurisdiction, it is the plaintiff who bears the burden of proof." Lombard Bros., Inc.v. General Asset Mgmt. Co., supra; Silver Hill Hospital v. Hatch,10 Conn. L. Rptr. 47 (October 18, 1993, Rush, J.).
The parties in the present case agree that the applicable long arm statute is General Statutes § 33-411 (c), which provides that:
 [e]very foreign corporation shall be subject to suit in this state, by a resident of this state. . .whether or not such foreign corporation is transacting or has transacted business in this state. . .on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state: or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; or (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold. . .; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.
See Wallenta v. Avis Rent A Car System, Inc., 10 Conn. App. 201,203 n. 3, 522 A.2d 820 (1987). General Statutes § 33-411 (c) "confers jurisdiction over designated causes of action without regard to whether a corporation transacts business in Connecticut and without regard to a causal connection between the plaintiff's cause of action and the defendant's presence in this state." Lombard Bros.,Inc. v. General Asset Management Co., supra, 190 Conn. 253-54;Frazer v. McGowan, supra, 198 Conn. 249. The plaintiff claims that this court may assert personal jurisdiction over the defendant under subparts (1) and (2) of § 33-411 (c).
I. Subpart one — contract made or performed in Connecticut
CT Page 5840
In support of their motion, plaintiffs submitted copies of the Trust Agreement, where the settlor is listed as having a Connecticut address; McAnerney's affidavit, which describes biennial meetings in Darien from October, 1982 to September, 1993 regarding eleven other Trowbridge trusts, as well as three meetings in 1992 and 1993 regarding the trust at issue; and a letter from defendant to Thomason's residence in Westport which gives an accounting of the trust. In response, defendant submitted a letter from the settlor to defendant's predecessor, requesting the bank to address all communications relative to the administration of the trusts to his New York City address rather than his residence in Connecticut, and the trust agreement, which was signed in New York.
"[Section] 33-411(c)(1) `must be read to authorize the assertion of jurisdiction in every instance where a cause of action arises out of a contract made or to be performed [in Connecticut] as long as there are sufficient total contacts to meet constitutional requirements.", (Citations omitted.) CombustionEngineering, Inc. v. NEI Intern. Combustion, 798 F. Sup. 100, 104
(D.Conn. 1992). The contacts with Connecticut need not always be with the party over whom jurisdiction is sought. Id. Furthermore, "even incidental acts of performance of contracts in this state would come within our statute if the defendant had other significant contacts with the state." Lombard Bros, Inc. v. GeneralAsset Management, Inc., supra, 190 Conn. 257.
A trust rather than a contract is involved in the present case.
 There is occasional confusion with regard to the legal incidents of contracts and trusts. . .It is true that by the acceptance of a trust and by the terms of many trust agreements the trustee assumes obligations but these duties are not based on a contract but rather on the effect of a conveyance.
Bogart, George, The Law of Trusts and Trustees § 17, p. 215 (1984). contract involves a business relationship rather than a one. Id., 219-20. Furthermore,
 [t]he existence of the contract depends on actual acceptance of an offer. It is rounded on mutual assent. A trust is in the nature of a conveyance of an equitable interest, and is not dependent for its origin on knowledge or acquiescence by the beneficiary. A trust CT Page 5841 may exist for a long period without the knowledge or acquiescence of the beneficiary, subject to his power to disclaim his interest when he learns of the trust.
Id., 227.
Since plaintiffs and defendant did not enter into a contract in the present case, this court cannot assert jurisdiction over the action under subpart (1) of § 33-411 (c). This part of the long arm statute only involves contracts made or performed in Connecticut, and the present action is an equitable action involving a trust rather than an action on a contract.
II. Subpart two — solicitation of business on Connecticut
In support of its opposition to the motion to dismiss, plaintiffs submitted copies of advertisements from Business Week and the New York Times regarding defendant's business, particularly its credit card business. The plaintiffs also submitted Ryan's affidavit, which states that he has a Chemical Bank credit card and receives monthly statements from the bank, as well as solicitations. In response, defendant claims that this action involves a trust, which is not a business that is the subject of the advertisements and that the bank does not solicit trust business in Connecticut. Furthermore, defendant argues the trust which is the subject of the present action did not arise cut of defendant's solicitation of business in Connecticut.
In Frazer v. McGowan, supra, 198 Conn. 246, the supreme court reversed the trial court's dismissal of a case where the plaintiffs claimed that a Rhode Island hospital had repeatedly solicited business in Connecticut. In that case, the applicable long arm statute was § 33-519 (c), addressing nonstock corporations, which closely parallels § 33-411 (c). Id., 248. The trial court had dismissed the action because it found that solicitation could only support jurisdiction when there was a causal connection between the solicitation and the plaintiff's cause of action. Id., 247. The supreme court found that "[a]pplying the principles set out in [Lombard Bros., Inc. v. General Asset Mgmt. Co., supra] to this case, we conclude that the trial court was mistaken in requiring a causal connection between evidence of solicitation and plaintiff's cause of action." Id., 249. "[I]f [a] plaintiff's cause of actionalleges conduct falling within one of the four statutorilydesignated classes, the court must examine the totality of the defendant's contacts with the state of Connecticut to determine CT Page 5842 whether personal jurisdiction over the defendant is proper. (Emphasis added.)" Id., 250. The court concluded that the hospital, which advertised in the New London yellow pages and granted admitting privileges to thirteen Connecticut doctors, including the plaintiff's doctor, had repeatedly solicited business in Connecticut and was subject to jurisdiction under 33-411 (c). In reaching such a conclusion, the court noted that "[t]he named plaintiff's cause of action in this case arose from repeated solicitation conducted by [the hospital]." Emphasis added.) Id., 252. Since there was "an adequate connection between the hospital's act of solicitation and the plaintiff's cause of action," the court found that § 33-411 (c) was satisfied. Id.
Several federal court cases have also held that "[a] foreign corporation is subject to suit under § 33-411 (c)(2) for causes of action that arise from business solicited in Connecticut if the solicitation has been repeated and has led to orders or offers which form the basis for the cause of action." Hagar v. Zaidman,797 F. Sup. 132, 136 (D.Conn. 1992); Whelen Engineering Co., Inc.,v. Tomar Electronics, 672 F. Sup. 659, 663 (D.Conn. 1987). Although the supreme court does not require that the solicitation of business cause the transaction which is the subject of plaintiff's cause of action, some connection between the plaintiff's cause of action and the acts enumerated in the statute required. The statute itself gives this court jurisdiction over "any cause of action arising" from one of the enumerated acts.
Plaintiffs, cause of action does not allege conduct falling within one of the four statutorily designated classes. It is submitted that plaintiffs have not shown that there is any connection between defendant's repeated solicitation of business in Connecticut and the trust which is the subject of their cause of action. Unlike Frazer v. McGowan, supra, where the plaintiff was a patient in the Rhode Island hospital by virtue of his doctor's admitting privileges there, which were found to be a form of solicitation, the evidence submitted in the present case does not concern the trust. The complaint indicates that the trust was entered into in 1941 between the settlor and Fulton Trust Company, defendant's predecessor in New York, and the agreement provided that "the provisions of this instrument with respect to the powers and duties of the Trustee shall be construed according to the Laws of the State of New York. . ." (Plaintiffs' exhibit B, Trust Agreement, p. 3). However, the evidence of solicitation submitted by plaintiffs involves defendant's credit card business and corporate financial services, such as cash management and global CT Page 5843 securities. (Plaintiffs' exhibit L, Advertisements). Although defendant may have significant contacts with the state of Connecticut, such contacts are wholly unrelated to the trust which is the subject of the plaintiffs' cause of action. Plaintiffs' interpretation of the statute to mean that defendant's other contacts with Connecticut warrant jurisdiction over an action on the trust would render the language "cause of action arising" virtually meaningless.
Plaintiffs have not met their burden of proving that this court has personal jurisdiction over the defendant pursuant to the long arm statute. Therefore, it is not necessary for the court to reach the issue of due process. The court hereby grants the defendant's motion to dismiss plaintiffs' action for lack of jurisdiction.
KARAZIN, J.