[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this four count action, the plaintiff, Union Trust Company, of Stamford, seeks to collect upon two notes executed by defendant CT Page 7694 Nobel Electronic, Inc. ("Nobel"), of New York and guaranteed by defendants Francis and Irene Brooks ("the Brooks"), also of New York. The plaintiffs allege that the notes and the guaranty, under which defendants are obligated to pay $375,000.00 were executed on April 16, 1991.
On February 22, 1994, the defendants filed a motion to dismiss the action on the grounds that this court lacks personal and subject matter jurisdiction and that venue is improper. The defendants also filed a supplemental motion to dismiss on February 24, 1994, alleging that process was also insufficient. The plaintiff filed a memorandum in opposition to defendants' motion on April 7, 1994.
"[T]he motion to dismiss is the proper vehicle for claiming any
lack of jurisdiction in the trial court." Upson v. State,190 Conn. 622, 645 n. 4, 461 A.2d 991 (1983). A motion to dismiss "admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone." (Citations omitted; internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). The complaint is construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227,464 A.2d 45 (1983).
In support of their motion to dismiss, defendants argue that Nobel is a New York corporation, the Brooks are New York residents and the notes and guaranty were signed in New York. They claim that none of the defendants transacted business in Connecticut, as required by the long arm statutes, and that due process is not satisfied. They also claim that since there is no jurisdiction under General Statutes § 52-59b, service made pursuant to that statute is improper. The defendants also claim that the New York courts would be the proper venue for this action.
In response, plaintiff argues insofar as an action on a note is within the general class of cases adjudicated by the Connecticut Superior Courts, this court has subject matter jurisdiction. The plaintiff further argues that the court has personal jurisdiction, as service was made pursuant to General Statutes §§ 52-59b and 33-411c and jurisdiction is proper under both of those statutes. The plaintiff claims that the notes were payable to plaintiff's place of business in Stamford and that Nobel has maintained a bank account with plaintiff for twenty years. The plaintiff also claims that the notes signed by Nobel provide that the transaction constitutes business transacted in Connecticut and the guaranty CT Page 7695 provides that the Brooks will consent to the jurisdiction of the Connecticut court. Finally, plaintiff argues that venue is proper pursuant to General Statutes § 51-345 (a)(3) because plaintiff is a Connecticut corporation.
"`The first inquiry is whether the applicable state long arm statute authorizes the assertion of jurisdiction over the [defendant]; and, if the statutory regulations are met, whether the exercise of in personam jurisdiction would violate constitutional principles of due process.'" (Citation omitted.) Gaudio v.Gaudio, 23 Conn. App. 287, 298, 580 A.2d 1212, cert. denied,217 Conn. 803, 584 A.2d 471 (1990). "[I]n the establishment of facts pertaining to personal jurisdiction, it is the plaintiff who bears the burden of proof." Lombard Bros., Inc. v. General Asset Mgmt.Co., 190 Conn. 245, 250, 460 A.2d 481 (1983).
The plaintiff seeks to obtain jurisdiction over Nobel, the alleged signatory of the two notes, pursuant to General Statutes § 33-411 (c), which provides in pertinent part that "[e]very foreign corporation shall be subject to suit in this state, by a resident of this state . . . whether or not such foreign corporation is transacting or has transacted business in this state . . . on any cause of action arising . . . [o]ut of any contract made in this state or to be performed in this state. . . ." General Statutes § 33-411 (c)(1) (Rev. to 1993). This statute "confers jurisdiction over designated causes of action without regard to whether a corporations transacts business in Connecticut and without regard to a causal connection between the plaintiff's cause of action and the defendant's presence in this state." Lombard Bros., Inc. v. General AssetManagement Co., supra, 190 Conn. 253-54. According to the plaintiff, the fact that its obligations in connection with the notes and guaranty were performed in Connecticut is sufficient to deem the agreement a contract which was performed in Connecticut pursuant to the statute, regardless of whether the defendants' performance took place in this state. The plaintiff also points to the fact the notes require payment to be made in Connecticut. The defendants, however, claim that since the notes and guaranty were signed in New York, the contract was made in that state.
The plaintiff seeks to obtain jurisdiction over the Brooks, the alleged guarantors, pursuant to General Statutes § 52-59b, the long arm statute applicable to individuals. This statute provides in relevant part that "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign CT Page 7696 partnership . . . who in person or through an agent . . . [t]ransacts any business within the state. . . ." General Statutes § 52-59b(a) (Rev. to 1993). The term "transacts any business: embraces even a single purposeful transaction. Zartolas v. Nisenfeld, 184 Conn. 471, 474
(1981). "In determining whether [a defendant's] contacts constitute a transaction of business within the state, we do not apply a rigid formula but balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." Gaudio v. Gaudio, supra, 23 Conn. App. 298.
The plaintiff claims that Mr Brooks has traveled to Connecticut to meet with officers of the plaintiff no more than one occasion and has maintained a bank account there for twenty years. Furthermore, plaintiff claims that the guaranty states that the Brooks will submit to the jurisdiction of the Connecticut courts, so they consented to personal jurisdiction. The defendants claim that they were not advised of the legal consequences of signing the guaranty and that they did not anticipate that they would be required to defend an action in Connecticut.
It is true that a lack of personal jurisdiction may be waived by a defendant's consent. Standard Tallow Corporation v. Jowdy,190 Conn. 48, 53 n. 5, 459 A.2d 503 (1983). In the present case, there are issues of fact regarding whether there was such a waiver[1] and regarding the extent of the defendants' contacts with the state of Connecticut. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Id., 56. In the present case, it would be difficult for this court to establish jurisdiction over these defendants simply based upon both parties' claims in their supporting memoranda. Therefore, a hearing is necessary for the court to rule on the merits regarding whether the defendants waived their right to contest personal jurisdiction and the extent of defendants' contact with Connecticut.
Accordingly, the motion to dismiss is denied without prejudice to the defendant's filing a claim for the special proceedings list and the making of a preliminary showing that they may prevail at such an evidentiary hearing.
The objection to the motion to dismiss (#1(#111) is sustained without prejudice for the same reasons. CT Page 7697
KARAZIN, J.