[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs Walter Odajynk-Odesmith and Katharine W. Odesmith brought this action against the defendants Chandler B. Saint and State of Connecticut Historical Commission (historical commission) seeking a temporary and permanent injunction precluding the defendants from proceeding with any development of a certain piece of property until certain conditions have been met. Upon the institution of the action the plaintiffs filed an application for a temporary injunction with an order CT Page 6017 to show cause why the injunction should not issue. Prior to the show cause hearing date, the historical commission filed this motion to dismiss dated March 9, 2000.[1] The plaintiff filed a memorandum in opposition and the motion was heard on April 3, 2000.
In its motion, the historical commission argues that the action against it must be dismissed for lack of subject matter jurisdiction because of the doctrine of sovereign immunity. It is well established that the "doctrine of sovereign immunity implicates subject matter. jurisdiction and is therefore a basis for granting a motion to dismiss."Federal Deposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99
(1996). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624 (1983). Once raised, the issue of subject matter jurisdiction must be resolved before proceeding further with the case. Figueroa v. CS Ball Bearing, 237 Conn. 1,4 (1996).
"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v.Ment, 244 Conn. 296, 308 (1998). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.)Barde v. Board of Trustees, 207 Conn. 59, 62 (1988).
The following facts are pleaded and, for purposes of this motion, undisputed. The plaintiffs reside on North Street in Litchfield. They purchased their residence on May 27, 1998, and in the warranty deed by which the plaintiffs acquired this property is a right of way to which the property is subject. The right of way is in favor of property immediately westerly and immediately southerly of the plaintiffs' property. On September 10, 1999, the defendant Saint purchased property on North Street, Litchfield by warranty deed which included a conveyance of the above mentioned right of way. The right of way provides access to the northeast parcel on the defendant Saint's property. CT Page 6018
The property purchased by Saint contained two pieces of land, identified as the first piece and second piece. Saint filed a survey map in the Litchfield land records soon after his purchase depicting the property. The map is Exhibit C to the complaint and was introduced as a full exhibit (Exhibit A) at the April 3, 2000 hearing on this motion. It is attached to this decision. On the map the two pieces as described in the warranty deed are shown as the first piece and second piece. The map also shows the first piece divided into parcel A and parcel B. The plaintiffs' property lies directly north of parcel B and directly east of the second piece. The right of way lies along the boundary just north of parcel B and up to the boundary along the second piece.
On December 30, 1999, Saint conveyed a portion of his property to the state of Connecticut acting through the defendant commission, specifically parcel A and the second piece as shown on the attached map. The sole access to the property conveyed to the state is the right of way on the plaintiffs' property. Under the deed conveying the property to the state, Saint reserved unto himself, his successors and assigns,
 a perpetual not for profit, charitable use, touching, concerning and running with the land for the historic preservation, public use and enjoyment of the Wadsworth-Beecher House, a historic structure listed on the Connecticut Register of Historic Places ("HOUSE"). Said USE includes rights of access to enter upon and use the PREMISES in order to dissemble or reconstruct, preserve, repair, modify, maintain, support, landscape, enhance the historical significance, operate the HOUSE and erect other necessary and appropriate structures ("STRUCTURES") which support the HOUSE all of which shall be subject to the U.S. Secretary of Interior Standard for Preservation Projects as hereafter amended ("STANDARDS").
(Plaintiffs exhibit F.)
In count one of their complaint, the plaintiffs allege that the use of the property as the Wadsworth Beecher public museum is a continuing illegal use of the property and that they are injured as the use will grossly overburden the right of way and will substantially devalue their property by its close proximity to the illegal use. The plaintiffs allege that the defendant Saint has violated the subdivision regulations and that both defendants intend to violate the zoning regulations. In count two, the plaintiffs allege that violation of the subdivision regulations and zoning regulations of the town of Litchfield by the CT Page 6019 defendants creates a public nuisance. In count three, the plaintiffs allege that as a result of the defendants' violation of the planning regulations and the anticipated violation of the zoning regulations the plaintiffs have sustained damage. In count four, the plaintiffs allege that the defendants conspired to avoid compliance with the subdivision and zoning regulations in violation of article first, § 1 of the constitution of Connecticut.[2]
The relief the plaintiffs claim is a temporary and permanent injunction precluding the defendants from proceeding with any development of the property conveyed to the state of Connecticut until they have:
 a) obtained valid subdivision approval from the Litchfield Planning and Zoning Commission permitting the conveyance by the defendant, Chandler B. Saint, to the defendant, the State of Connecticut of the Connecticut Property; and
 b) until a valid zoning permit has been obtained from the Litchfield Planning and Zoning Commission permitting the erection of any improvements on the Connecticut Property, including but not limited to erection of the Wadsworth Beecher House.
(Complaint at 13.)
In its motion, the historical commission argues that there is no subject matter jurisdiction because the State of Connecticut has not consented to this action for injunctive relief. Under the doctrine of sovereign immunity, the state is only subject to suit 1) by consent through legislation, Federal Deposit Ins. Corp. v. Peabody, supra,239 Conn. 101; 2) where state officials act in excess of statutory authority, or 3) where state officials act in violation of constitutional rights. Savage v. Aronson, 214 Conn. 256, 264 (1990). Here, there is no allegation or claim by the plaintiffs that through appropriate legislation the state has consented to be sued.
Rather, the plaintiffs' claim that the state has violated article first, § 1 of the constitution of Connecticut by conspiring with Saint to empower him to construct a museum in a historic residential zone in Litchfield where the museum is expressly prohibited by zoning regulations. They further argue that the historical commission has exceeded its authority under General Statute § 10-321d in that conspiracy. The plaintiffs also note that the property was conveyed to the state subject to, inter alia, the subdivision zoning and inland CT Page 6020 wetland regulations of the town of Litchfield.
As to the final point, the court finds that the language of the warranty deed between the defendants does not constitute a waiver of sovereign immunity. "The question whether principles of governmental immunity from suit and liability are waived is a matter for legislative, not judicial determination". Duguay v. Hopkins, 191 Conn. 222, 228
(1983). Further, "[t]he state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication." (Internal quotation marks omitted.) Id. The language of a deed approved by the parties does not create a waiver of sovereign immunity.
The Supreme Court has recently reiterated the bases of the doctrine of sovereign Immunity.
 Sovereign immunity rests on the principle and on the hazard "that the subjection of the state and federal governments to private litigation might constitute a serious interference with the performance of their functions and with their control over their respective instrumentalities, funds and property." J. Block, "Suits against Government Officers and the Sovereign Immunity Doctrine," 59 Harv.L.Rev. 1060, 1061 (1946).
Pamela B. v. Ment, supra, 244 Conn. 328. The court also explains the limitations of the doctrine of sovereign immunity.
 "In a constitutional democracy sovereign immunity must relax its bar when suits against the government complain of unconstitutional acts." Sentner v. Board of Trustees, supra, 184 Conn. 343. When a state official's acts are in excess of legal authority or constitute an erroneous exercise of that authority, the interest in the protection of the plaintiffs right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine. . . . Therefore, "[t]he state is subject to suit without consent. . . in a suit for injunctive relief when the action does not defeat the purpose of the doctrine of sovereign immunity by undue interference with governmental functions."
(Internal quotation marks omitted; citations omitted) Id, 328-29. CT Page 6021
In this case, the plaintiffs claim that the state, through the historical commission, both exceeded its statutory authority and violated the state constitution by empowering Saint to avoid the zoning regulations. As to the constitutional claim, the plaintiffs cite article first, § 1, of the constitution of Connecticut which reads,
 All men when they form a social compact, are equal in rights; and no man or set of men are entitled to exclusive public emoluments or privileges from the community.
In order for the plaintiffs to survive the defense of sovereign immunity, the complaint and its factual underpinnings "must clearly demonstrate an incursion upon constitutionally protected interests."Barde v. Board of Trustees, supra, 207 Conn. 64.
Under the claimed constitutional violation, the plaintiffs must clearly show that the historical commission has violated article first, § 1, of the constitution of Connecticut by enabling defendant Saint to build a museum in violation of the zoning regulations. The plaintiffs cannot make this showing. First, the constitutional provision prohibits legislation "preferring certain individuals over others when wholly unrelated to the public interest." Serrano v. Aetna Ins. Co. 233 Conn. 437,458 (1995). Or, in other words, the constitutional provision applies when the "sole objective of the General Assembly is to grant personal gain or advantage to an individual." Chotkowski v. State, 240 Conn. 246,257 (1997). Here, the plaintiffs are not attacking any act of the legislature, nor do facts support a clear showing of the absence of a legitimate public purpose. The proposed use here is the reconstruction of the Wadsworth Beecher House as a public historic structure. Accordingly, the plaintiffs cannot survive the bar of sovereign immunity under this exception.
The plaintiffs also argue that their action is not barred because the historical commission exceeded its statutory authority under General Statutes § 10-321d. That statute reads:
 The commission may, using such funds as may be appropriated to it or available from any other source, acquire by gift, grant, bequest, devise, lease, purchase or otherwise historic structures or landmarks, including such adjacent land as may be necessary for the comfort and safety of the visiting pubic, which the commission determines to be of national or state historical importance and to be of CT Page 6022 such concern to the public at large that they should be held forever in good condition for visitation by the public and for the protection of the heritages of the people of this state and nation. The commission may restore, maintain and operate such properties in such a condition as to render them suitable for public visitation and to inform the public of the historic event or circumstance connected therewith. The commission may charge reasonable visitation or special event fees, and operate or contract for the operation of gift shops at such properties and use funds received to help defray the cost of maintenance and operation of such properties and to replenish stock. The commission may cooperate with the Department of Environmental Protection and any other appropriate municipal, state or federal agency or private organization in carrying out functions under this section and may enter into agreements for such purposes.
That statute must be read in conjunction with General Statutes § 4b-22. That statute reads,
 Except as provided in section 3-33, no land shall be acquired by the state by gift except with the approval of the Governor and the Attorney General. When the Governor and the Attorney General accept land which Has been given to the state for any purpose, proper acknowledgment of the gift shall be made to the donor.
In addition, the commission is authorized in broad language under General Statutes § 10-321 (b) to encourage and assist in the preservation of historic structures and landmarks. The conveyance to the historical commission with the reserved use to reconstruct the Wadsworth House was not in excess of the commission's statutory authority so as to remove the bar of sovereign immunity. Based upon the overall scheme set forth above, the injunctive relief requested would unduly interfere with governmental functions. See Duguay v. Hopkins, supra, 191 Conn. 227 n. 4.
For the foregoing reasons, the motion to dismiss is granted.
DiPentima, J.
[EDITORS' NOTE: THE PROPERTY/BOUNDARY SURVEY MAP IS ELECTRONICALLY NON-TRANSFERRABLE.] CT Page 6023